# Segars *v.* The State.

*Indictment for Selling Spirituous Liquors without License.*

1. *Sale of liquor by partner, or by clerk.*—When two persons are jointly interested in a store, proof of an illegal sale of liquor by one of them, in the line of their trade, would support a conviction of both; and if the store belonged to one of them only, the other acting as his clerk or salesman, an illegal sale by the latter, with the authority, approbation, or acquiescence of the former, would justify the conviction of each.

5. *Admission of illegal evidence against one of two defendants, without injury to the other.*—Where two defendants are jointly indicted and tried for selling spirituous liquors without license, and proof is adduced of a single sale by one of them, in a house in which each appeared to be interested, he can not complain of the subsequent admission of evidence of another sale by his co-defendant, who was acquitted.

FROM the Criminal Court of Jefferson.

Tried before the Hon. S. E. GREENE.

The indictment in this case charged, in a single count, "that Louis Segars and Philip Segars sold spirituous, vinous, or malt liquors, without a license, and contrary to law." The defendants being jointly tried, and a jury having been waived, the following bill of exceptions was reserved: "The defendant being jointly indicted and tried with Louis Segars, the State introduced one Dunford as a witness, whose testimony tended to show that, at Pratt Mines in said county, within twelve months before the finding of the indictment in this case, the defendant and Louis Segars kept a store; and that he, witness, had purchased from Philip Segars, at said store, wine on several occasions, sometimes by the bottle, and sometimes by the drink; that he did not recollect ever to have bought wine from defendant while Louis Segars was

[Segars v. The State.]

present and saw him buy it, but his recollection was that Louis was about the store; that he could not say Philip and Louis were partners, nor which was proprietor, or which (if either) was clerk; that both attended to the business, but Philip seemed to attend mostly to it, and the store was generally called 'Segars' Store.' The State asked the witness, if he had ever bought any vinous, spirituous, or malt liquors, at said store, from Louis Segars. To this question the defendant objected, as being irrelevant—that the State had charged the defendants with one joint act, and they could not, under the indictment, be prosecuted for two separate and distinct acts. The court overruled the objection, and the defendant excepted. The witness then testified that, on several occasions, he had bought from said Louis, in said store, a white kind of liquor which was intoxicating, but did not know what it was; and that he could not remember that, on any of these occasions, said Philip was present, or knew of his buying it. Said witness further testified, on cross-examination, that he did not know what kind of wine he bought; that it had a red or dark color, and he paid twenty-five cents per bottle for it; that he always bought it from Philip, and never from Louis, nor Louis and Philip together; that the defendants were not partners, so far as he knew, and he did not know who owned or run the store; that Philip seemed to be the principal man; that he did not recollect having ever seen Louis about when he was trading with Philip, nor Philip about when he was trading with Louis; that he never bought any red-colored liquor from Louis, nor any white liquor from Philip, and never bought any kind while both were present; and that the white liquor made him somewhat intoxicated. This being all the evidence, the defendant demurred to the evidence, as not being sufficient to sustain the indictment. The court overruled the demurrer, and the defendant excepted. The court rendered a verdict finding said Louis not guilty, and said Philip guilty; to which finding said Philip excepted."

LEA & GREENE, for appellant, cited *Elliott v. State*, 26 Ala. 78; *McGehee v. State*, 58 Ala. 360; Clark's Manual, 578, § 2958.

WM. L. MARTIN, Attorney-General, for the State.

[Segars v. The State ]

STONE, C. J.—The defendants, Philip Segars and Louis Segars, were jointly indicted for selling spirituous, vinous or malt liquors, without a license. The case, by consent of defendant, was tried by the court, without a jury. The finding and judgment of the court were, that defendant Philip was guilty, and that defendant Louis was not guilty. The appeal is prosecuted by Philip, the convicted.

Testimony was introduced against Louis, against his objection, and to the admission of which he reserved an exception. If he had been found guilty, possibly this would have been error. But this testimony in no way affected Philip, and he had no right to object to it. Louis alone could be injured by it, and he being acquitted, if an error, Philip can not complain of it. We have, then, the simple case of two being indicted for a misdemeanor, of a class which admits of two or more guilty participants in one and the same offense, one of whom was acquitted, and the other convicted. The testimony against Philip was uncontroverted, and was conclusive, while the testimony against Louis did not satisfy the mind of the trial judge.

The theory of the present prosecution, as its implications tend to show, was, either that the two defendants were jointly interested in the store, and in its sales; or that one was the proprietor, and the other his salesman. If the first hypothesis was the true one, then a sale by either in the line of their trade would fix the guilt of each. If the latter, then a sale by the salesman, with the authority, approbation, or acquiescence of his employer, would justify the conviction of each. Offenses of this kind, though perpetrated by one act, are separate offenses, and punished separately. The fruitless though illegal attempt to fix guilt on Louis, is no error available to Philip, whose guilt is uncontroverted. This case is distinguishable from *Elliott v. State*, 26 Ala. 78, and *McGehee v. State*, 58 Ala. 360, in that the indictment does not charge two separate offenses, and there was no conviction of separate offenses.

If the separate testimony introduced against Louis had not been received, no one could question Philip's rightful conviction. Being, at most, only offensive to the rights of the former, and doing him no injury, it affords Philip no stronger ground of complaint, than he would have had without such attempt.

Affirmed.