# Thornton *v.* The State.

*Indictment for Murder.*

1. *Evidence of collective facts admissible.*—On a trial for murder, after the sheriff had testified that he met defendant the day after the homicide, it is permissible for him to state that the "defendant looked frightened when he saw him;" such evidence being admissible as the statement of a collective fact.

[Thornton v. The State.]

2. *Opinion; evidence as to identity of person; when admissible.*
Where a witness in a murder case testifies that he knew the defendant and the deceased and had met them a great many times, and that he met two men on the night of the homicide, describing them, whom he noticed carefully, but he could not tell positively who they were, it is competent for such witness to testify that "In his best opinion" the said men were the defendant and the deceased.

3. *Homicide; admissibility in evidence of memorandum book and pencil belonging to defendant.*—Where on a trial for murder, it is shown that at the place of the killing there was found a memorandum book which there was evidence tending to show belonged to defendant, and there was in it a pencil, which a witness testified was like a pencil he gave defendant the day of the homicide, he, at the same time, exhibiting a pencil which corresponded with the pencil taken from the book in color, appearance and stamp, such memorandum book and the pencil taken therefrom, are admissible in evidence; the weight to be given such evidence, in connection with the other facts shown, as tending to connect the defendant with the killing, being for the determination of the jury.

4. *Sufficiency of circumstantial evidence to warrant a conviction; charge to the jury.*—The test of the sufficiency of circumstantial evidence to warrant a conviction in a criminal case, is not whether it produces as full a conviction as would be produced by the positive testimony of an eye witness, but whether it satisfies the minds of the jury of the defendant's guilt to the exclusion of every reasonable doubt; and a charge requested by the defendant instructing the jury that to authorize a conviction on circumstantial evidence, such evidence "should be just as clear and convincing as where the facts are testified to by eye witnesses, and in this case should be so clear and convincing as to lead your minds to the conclusion that the defendant is guilty beyond a reasonable doubt," is improper and misleading.

5. *Reasonable doubt; charge to the jury.*—In a criminal case, a charge which instructs the jury that "the defendant is presumed to be innocent until his guilt is established, and the evidence sufficient to convict should be so clear and convincing as to lead your minds to the conclusion that the accused can not be guiltless," is erroneous and properly refused.

6. *Charge as to good character.*—A charge in a criminal case which instructs the jury that "the defendant has the right to offer evidence of his previous good character, not only where a doubt exists on the other proof, but even to generate a doubt as to his guilt," asserts an erroneous proposition of law, and is properly refused.

7. *Verdict of the jury; sufficiency thereof.*—On a trial for murder, a verdict of the jury that "We, the jury, find the defendant guilty of murder in the first degree, and fix penalty, a life time sentence in the penitentiary," while inaptly expressed, is not erroneous, but is sufficient to base a judgment of conviction upon, and to authorize a sentence to the penitentiary for life.

[Thornton v. The State.]

APPEAL from the Circuit Court of Butler.

Tried before the Hon. N. D. DENSON.

The appellant, Elias Thornton, was indicted, tried and convicted of murder in the first degree, and sentenced to the penitentiary for life. The facts pertaining to the rulings of the court upon the evidence, to which exceptions were reserved, are sufficiently stated in the opinion; and it is unnecessary to state the evidence in detail.

The testimony for the State tending to show that the defendant was guilty as charged in the indictment was circumstantial. Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "Circumstantial evidence should be just as clear and convincing as where the facts are testified to by eye-witnesses, and in this case should be so clear and convincing as to lead your minds to the conclusion that the defendant is guilty beyond a reasonable doubt." (3.) "The defendant is presumed to be innocent until his guilt is established, and the evidence sufficient to convict should be so clear and convincing as to lead your minds to the conclusion that the accused can not be guiltless." (5.) "If from the evidence you have reason to doubt the defendant's guilt, you should acquit the defendant." (13.) "The defendant has the right to offer evidence of his previous good character not only where a doubt exists on the other proof, but even to generate a doubt as to his guilt."

After consideration of the cause, the jury returned the following verdict: "We, the jury, find the defendant guilty of murder in the first degree, and fix penalty, a life time sentence in the penitentiary;" and upon this verdict judgment was rendered, and the defendant was sentenced to the penitentiary for life.

GAMBLE & POWELL, for appellant.—1. The court erred in allowing the sheriff to testify that the defendant "looked frightened" when he met him.—*Johnson v. State*, 17 Ala. 623.

2. The court erred in its other rulings upon the evidence.—*Young v. State*, 68 Ala. 574; *Hodge v. State*, 97 Ala. 40; 1 Roscoe's Criminal Evidence, 137; 3 Rus-

sell on Crimes, 278, 603 ; 1 Greenleaf on Evidence, §§ 51, 52a ; *Marler v. State*, 68 Ala. 586.

The charge asked by the defendant in reference to his proof of good character, asserted a correct legal proposition, and should have been given.—*Goldsmith v. State*, 105 Ala. 12 ; *Gibson v. State*, 89 Ala. 129.

The verdict rendered by the jury was insufficient to support the judgment rendered.

WILLIAM C. FITTS, Attorney-General, for the State. Charge No. 1, asked for the defendant, was properly refused by the court upon reasoning found in *Bland v. State*, 75 Ala. 574 ; *Banks v. State*, 72 Ala. 522. Charge No. 3 was properly refused to the defendant under authority of *Webb v. State*, 106 Ala. 52. Charge No. 13, about good character having generated a doubt of guilt, was properly refused.—*Johnson v. State*, 102 Ala. 1 ; *Grant v. State*, 97 Ala. 35 ; *Goldsmith v. State*, 105 Ala. 12 ; *Scott v. State*, 105 Ala. 57 ; *Webb v. State*, 106 Ala. 52.

HARALSON, J.—1. Bargaineer, the sheriff, testified, that as he was going out to the place where Williams was killed, the day following the night he was killed, he met defendant and another negro inside the corporate limits of Greenville, and that *defendant looked frightened when he saw him.* To this last expression, which is italicized, the defendant objected, and excepted to the ruling of the court in admitting it. Such expressions as "she appeared to be healthy ;" "the accused appeared to be mad ;" that a person "was sick, had fever, or was pregnant ;" "plaintiff seemed to be suffering ;" "she was not able to return home ;" "she looked bad, and the left wrist of plaintiff looked like the bone had slipped off the joint ;" "that the pieces of jugs found in the debris of the burned gin house looked like they had been burned ;" and such like expressions, have been held to be admissible as statements of what are called collective facts.—*S. & N. Ala. R. R. Co. v. McLendon*, 63 Ala. 266, 275 ; *Carney v. The State*, 79 Ala. 14, 17 ; *Jenkins v. The State*, 82 Ala. 28 ; *James v. The State*, 104 Ala. 20 ; *Miller v. The State*, 107 Ala. 40.

The principle upon which such opinions are admissible as evidence is very fully stated in *Carney v. The State*,

*supra,* as follows : "Human emotions and human passions are not, in themselves, physical entities, susceptible of proof, as such. Like the atmosphere, the wind, and some acknowledged forces of nature, they are seen only in the effects they produce. Pleasure, pain, joy, sorrow, peace, restlessness, happiness, misery, friendship, enmity, anger, are of this class. So, tenderness, sympathy, rudeness, harshness, contempt, disgust, the outcrop of emotional status, cannot, in their constitution, be made so far physical facts or entities, as to become the subject of intelligent word description. They are proved by what is called opinion evidence. Not the mere unreasoning opinion or arbitrary conclusion of the witness, but his opinion based on experience and observation of the conduct, conversation and facial expression of others, in similar emotional conditions. Facial expressions and vocal intonation are so legible, as that brutes comprehend them ; and yet human language has no terms by which they can be dissected, and explained in detail," &c.

Again, as to the admissibility of such evidence, Mr. Wharton says : "The true line of distinction is this : an inference necessarily involving certain facts may be stated without the facts, the inference being an equivalent of a specification of the facts," or a shorthand rendering of them, subject to cross-examination as to the facts on which the inference is based.—1 Whart. Law of Evidence, § 510, and authorities cited.

In *McAdory v. The State,* 59 Ala. 92, it was held that a witness should not be allowed to say, the prisoner "looked downcast ;" in *Gassenheimer v. The State,* 52 Ala. 313, that it was error to allow a witness to state that the prisoner "looked excited," and in *Johnson v. The State,* 17 Ala. 618, it was held to be error to allow a witness to state that the prisoner "looked serious." These decisions, as to the admissibility of such evidence, have been departed from, as we have seen in the later decisions of this court, first above cited. There was no error in admitting the evidence objected to.

2. A witness, Hartley, for the State, testified, that two men passed him coming from the direction of Greenville, late in the night in which deceased was killed, and they were "in his best opinion," the defendant and the deceased. He testified, before the ques-

[Thornton v. The State.]

tion was asked calling for his opinion of their identifica-
tion, that he could not be positive as to who they were,
because he could not see their faces distinctly ; that he
knew them both and had met them a great many times,
and he noticed them carefully that night, and described
the size of each.    The defendant objected to this evi-
dence, but the court admitted it ; and in this there was
no error.—*Mitchell v. The State*, 94 Ala. 68 ; *Turner v.
McFee*, 61 Ala. 468 ; *Walker v. The State*, 58 Ala. 393 :
1 Greenl. Ev., § 440.

3.    It was shown, that a memorandum book, some
time after the killing, was found at the place of the
killing, which there was evidence tending to show was
defendant's book.    It was shown by G. W. Searcy, wit-
ness for the State, that there was a string tied around
the book when found, and there was a piece of red pencil
in it, which was produced and identified by the witness
as the one that was in the book when found.    Another
witness, Lewis Glasgow, testified, that he saw defendant
in Greenville the day before the killing, at the store of
one Lee ; that he bought from Lee, at that time, a dozen
cedar pencils, all alike ; that he gave defendant one of
them, just like the one found in the book.    Here the
witness took from his pocket a piece of red pencil, and
testified that it was a piece of one of the pencils he had
bought of Lee on Christmas eve, when he gave defendant
one of them.    It was shown, that the pencil found in
the book, and the one exhibited by the witness as taken
from his pocket, were alike in color and appearance, and
each had "Dixon, 270" stamped on it.    The court,
against the objection of defendant, allowed the book and
pencil to be introduced in evidence ; and in this there
was no error.    If the book and pencil belonged to de-
fendant, and were found at the scene of the killing, it
was competent to show these facts as tending to connect
defendant with the killing, as its guilty agent.    The
weight to be given such evidence was for the determina-
tion of the jury.—*Young v. The State*, 68 Ala. 574 ;
*Hodge v. The State*, 97 Ala. 40.

4.    There was no error in refusing to give charge No.
1 requested by defendant.—*Bland v. The State*, 75 Ala.
574 ; *Banks v. The State*, 72 Ala. 522.

Charge No. 3 requested by him was properly refused.
*Webb v. The State*, 106 Ala. 52.    And charges 5 and 13

[Ramsey v. The State.]

have been so repeatedly condemned as improper instructions, it is unnecessary to do more than to say they were properly refused.

5.   The objections taken to the verdict rendered are hypercritical.   It is unmistakable, and fully responsive to the requirements of the statute.—Code of 1886, § 3739.

No error appearing in the rulings of the court below, its judgment is affirmed.

Affirmed.