# White *v.* The State.

## *Larceny.*

(Decided April 8th, 1915.   68 South. 521.)

1. *Appeal and Error; Filing Record; Time.*—Where a defendant reserved questions for review, and prepared and presented to the trial judge his bill of exceptions within the time allowed by statute, and which was signed and filed within the time allowed, but not within the time allowed for the clerk to file the record in the Court of Appeals before the adjournment of the term of such court, and no certificate was filed by the clerk within such time, the fact that the clerk of the trial court did not send the record to the Court of Appeals for nearly two months after his time to do so had expired, did not require a dismissal of the appeal, where the record was filed more than two months before the next call of the division to which the case belonged.

2. *Indictment and Information; Joint and Several Offenses; Single Defendant; Evidence.*—Where two or more defendants are jointly indicted for an offense which may be committed by one person without the aid of others, and a severance is had and one defendant is being tried, the state is not required to show that those jointly indicted with him participated in the crime.

3. *Larceny; Evidence.*—Where several are indicted for larceny, and one is being tried under an order of severance, it was not proper to admit evidence as to ·the proximity of the residence of the other defendants to the scene of the alleged crime; the only tendency of such evidence being to connect the other defendants with the offenses, and is not admissible against the person on trial, unless a conspiracy is shown.

4. *Same; Footprints.*—It was improper to permit a witness to state that a certain foot or shoe could have made a particular track, as it was a mere conclusion by one not present when the track was made, as to how it was made or the peculiarity of the walk of the person making it. The sole function of the witness is to testify as to any specific peculiarity by which the track may be distinguished from others.

5. *Same.*—Where there was no evidence tending to show a confederacy between the defendant and others jointly indicted with him, it was not competent to show the character of footprints made by others than the defendant.

6. *Same; Property; Joint Ownership.*—It is not encumbent on the state to show that the person robbed was the sole owner of the property, but it is sufficient to sustain a charge of larceny, to show a joint ownership with others or a special property in the goods stolen.

7. *Same; Sale of Similar Goods.*—Where it appeared that the property stolen was cotton, and there was evidence that the defendant

[White v. The State.]

had sold all of his cotton before the alleged larceny, evidence as to what occurred with reference to a sale of cotton by defendant's wife and sister-in-law to another, in the presence of the defendant, was admissible.

8. *Witnesses; Interest; Bias.*—It was competent to show that a witness was jointly indicted with the defendant, as showing the witnesses' interest in the result of the case.

APPEAL from Clark Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Ernest White was convicted of larceny and he appeals. The case was submitted on motion of the attorney general to dismiss the appeal, and on the merits. Motion denied, and cause reversed and remanded.

T. J. BEDSOLE and Q. W. TUCKER, for appellant. The proof did not correspond with the allegation as to the ownership of the property.—*Fowler v. The State,* 100 Ala. 90. Counsel discuss the rulings on the evidence with the insistence that error prejudicial to the defendant was committed, but they cite no authority in support thereof.

WILLIAM L. MARTIN, Attorney General and J. P. MUDD, Assistant Attorney General, for the State. Counsel insist that the appeal should be dismissed because not filed in time as required by the statutes and the rules of practice, but they cite no authority. The fact that Norris was the joint owner of the cotton was sufficient to sustain the indictment.—§ 7147, and cases cited. Counsel discuss the evidence with the insistent that no error intervened, but they cite no authority to sustain their contentions.

BROWN, J.—This case is submitted on the motion of the attorney general to dismiss the appeal on the ground that there has been a discontinuance of the appeal. The record shows that the judgment from which this appeal

was prosecuted was rendered on the 11th day of April, 1914, and that at the time the sentence was pronounced against the defendant it was entered on the record of the trial court that: "Questions of law having been reserved upon the trial of this case for the consideration of the appellate court, and the defendant having made known his desire to prosecute an appeal from the judgment and verdict of the trial court, it is considered and adjudged that the execution of the judgment and sentence herein be suspended."

The bill of exceptions was presented to the trial judge for his signature on the 6th day of June, 1914, and was signed by him on the 17th day of June, 1914. The case was not docketed in this court on certificate, and the record was not filed here until the 7th day of August, 1914. The first call of the division to which the case belongs, after the appeal was taken, commenced November 9th, and on the authority of *Campbell v. State,* 182 Ala. 18, 62 South. 59, *Ex parte Williams,* 182 Ala. 34, 62 South. 63, and *Cudd v. Reynolds,* 186 Ala. 207, 65 South. 41, no prejudice having resulted because of the delay in filing the record, the motion of the attorney general is overruled.

Motion to dismiss appeal overruled.

### ON THE MERITS.

The indictment on which the appellant was tried charges grand larceny, and is against appellant and four other persons charged jointly with him. The appellant was granted a severance from the others, and, the offense charged being of a class that may be committed by one person without aid or assistance of others— in other words, the offense being several as well as joint —it was not necessary to the defendant's conviction,

and no burden rested upon the state, to show that those jointly indicted with the defendant on trial participated in the commission of the crime.—*Crawford v. State,* 112 Ala. 121 South. 214; *Segars v. State,* 88 Ala. 144, 7 South. 46; 22 Cyc. 453 (b).   In cases where the indictment charges an offense which is necessarily such that it cannot be committed by one person alone, such as an indictment for conspiracy and like offenses, the rule is different.—*Townsend v. State,* 137 Ala. 91, 34 South. 382; *Elliot v. State,* 26 Ala. 78; *Thomas v. State,* 111 Ala. 54, 20 South. 617; *Lindsey v. State,* 48 Ala. 169; *Brimie v. United States,* 200 Fed. 726, 119 C. C. A. 170; *McGehee v. State,* 58 Ala. 360; *State v. McDonald,* 1 McCord (S. C.) 532, 10 Am. Dec. 691; *Miles v. State,* 94 Ala. 106, 11 South. 403; 8 Cyc. 663 (11).

The evidence tending to connect the defendant with the offense was wholly circumstantial, and, in the absence of some proof tending to show a confederacy between the defendant on trial, and the others jointly charged with him, evidence the only tendency of which was to connect the other defendants with the offense was not admissible against him.—*McAnally v. State,* 74 Ala. 9; *Smith v. State,* 133 Ala. 77, 31 South. 942; *Thomas v. State,* 133 Ala. 139, 32 South. 250.

The trial court, in view of these principles, erred in admitting proof of the proximity of the residence of the other defendants to the scene of the alleged crime, and in admitting proof of the finding of a paper in the cotton house with the name of Henry White on it, and in admitting the paper in evidence.

It has been frequently held that a witness should not be allowed to state that a certain foot or shoe could or would make a particular track.   If a track has any peculiarity by which it may be distinguished from other tracks, the witness can point them out, and if the evi-

dence shows other similar tracks it is for the jury to determine whether they are made by the same person or thing.—*Pope v. State,* 174 Ala. 76, 57 South. 245; *Pope v. State,* 181 Ala. 20, 61 South. 263.

A witness who was not present when a track is made should not be allowed to state how it was made or the peculiar walk of the person making it, as this is manifestly a conclusion for the jury to draw. The record shows that these rules were violated in the trial of this case, and that the defendant was tried largely on the conclusions of the witnesses. On another trial, unless evidence tending to show a confederacy between the defendant on trial and the other defendants is offered, the evidence as to the character of tracks made by the other defendants should not be admitted.

To sustain the indictment it was not incumbent upon the state to show that Norris was sole owner of the property alleged to have been the subject of the larceny, but proof that he was a joint owner with others, or had some special property in the cotton, was sufficient.— Code 1907,§7147; *Lacy v. State,* (13 Ala.App.) 68 South. 706.

The court did not err in admitting the evidence tending to show that the defendant had sold his cotton previous to the time of the larceny, or as to what occurred with reference to the sale of a lot of cottton to Cobb, between Cobb and defendant's wife and her sister-in-law, in the presence of the defendant.

The fact that Henry White was jointly charged with the defendant with the offense for which defendant was on trial was admissible as tending to show his interest or bias.—*Phillips v. State,* 11 Ala. App. 168, 65 South. 675; *Nickerson v. State,* 6 Ala. App. 27, 60 South. 446; *Livingston v. State,* 7 Ala. App. 49, 61 South. 54; *Rivers v. State,* 97 Ala. 72, 12 South. 434; Underhill on Crim. Ev. § 248; 7 Mayf. Dig. 970.

[Darden, et al. v. The State.]

For the errors above pointed out, the judgment of the circuit court must be reversed.

Reversed and remanded.