[Ex Parte Elba Bank & Trust Co.]

# *Ex Parte* Elba Bank & Trust Co.

### Mandamus.

(Decided April 19, 1917.   75 South. 294.)

Jury; Right to Trial by Jury; Waiver; Claimant.—Under Code 1907, § 5359, providing that all civil cases at law, shall be tried by the court without a jury, unless the defendant, when filing his initial pleading, indorses thereon a demand for a trial by a jury, and Gen. Acts 1915, pp. 939, 940, requiring a defendant or "claimant" desiring a trial by jury to file a written demand therefor within 30 days after service on him by indorsing such demand on his initial pleading, or by a separate written instruction, and that the failure to do so shall be a waiver of a jury trial, a party served on July 16, 1916, an interpleader by the defendant, was a "claimant" under the act, and by failing to demand a jury trial, within 30 days thereafter waived her right thereto, although she was not in fact actually substituted as a defendant until the January term, 1917.

ORIGINAL petition in Supreme Court.

Petition by Elba Bank & Trust Company for mandamus to require the Hon. A. B. Foster as the trial judge, to set aside an order permitting the interposition of a demand for jury trial. Writ granted.

W. W. SANDERS for petitioner.   J. A. CARNLEY contra.

McCLELLAN, J.—On February 26, 1916, the petitioner, the Elba Bank & Trust Company, instituted its action against the Mutual Life Insurance Company to recover the amount of an insurance policy which had been matured by the death of the insured, Tavner Marsh.   Neither the plaintiff nor the original defendant made demand for a trial by jury.   The beneficiary named in the policy was Eva C. Marsh, the widow.   The plaintiff's claim of ownership of the policy and its proceeds was as assignee or transferee.   The insurance company paid the proceeds of policy into the court, suggesting, in accordance with Code, § 6050, that the widow claimed the proceeds of the policy. Whereupon, the widow not having voluntarily appeared and made herself a party defendant, the court, in further observance of the statute cited, on the 10th day of July, 1916, ordered issued, and issued, its summons to the suggested claimant to appear at the next term of the court and make herself a party defendant in

the cause. The process was served on Mrs. Marsh on the 21st day of July, 1916. On the 21st day of August, 1916, she filed a paper, the first paragraph of which will efficiently contribute to a statement of the basis of the question presented by this petition for the writ of mandamus to the judge of the circuit court, and which is as follows:

"And now comes the said Eva C. Marsh, the party who was notified to appear and make herself a party to this cause, on interpleader by the defendant, the Mutual Life Insurance Company of New York, and, not waiving any rights which she may test by way of demurrer to the bill of interpleader, she makes answer thereto, and incorporates therein demurrers to said bill of interpleader as part of her said answer, as follows: * * *"

Following extended recitals and averments of facts and circumstances conceived to be appropriate to be interposed as an answer the claimant filed a demurrer to the insurance company's "bill of interpleader." The claimant made no demand for a trial by jury, either on her answer or demurrer, or otherwise, until more than four months after the service of the mentioned summons to her. At the January, 1917, term of the court, the demurrer interposed by the claimant to the "bill of interpleader" was overruled, and a formal order was entered in the cause substituting Mrs. Marsh as the party defendant in the place of the insurance company, and discharging the company upon its payment of the costs in the cause up to that date. Thereupon the court called for trial the case of the bank against the substituted defendant, and in due course entered the following order: "On this the 2d day of January, 1917, comes the plaintiff and the substituted defendant, by their attorneys, respectively, and the plaintiff announced ready for trial, and the defendant announced not ready. The court thereupon required the defendant to enter upon the trial of the cause unless a jury trial be desired and demanded, the defendant insisting that she had 30 days in which to make demand for a jury trial, and the court, upon the objection of the defendant, required either that the cause be tried immediately without a jury, there being no jurors in attendance upon the court, or that a jury trial be demanded immediately. The defendant thereupon in open court made demand for a jury trial, and thereupon the demand for a jury trial was allowed, and the cause was continued to the next jury term of the court. * * *"

[Ex Parte Elba Bank & Trust Co.]

This petition for the writ of mandamus to compel the vacation of the order allowing the substituted defendant to demand a trial by jury is based, in effect, on the view that the claimant waived the right to demand trial by jury when she did not assert it within 30 days after the perfection of service upon her. In our opinion, these provisions of the act approved September 28, 1915 (Gen. Acts 1915, pp. 939, 940), require the holding that this substituted defendant had waived the conditional right to demand a trial by jury by not asserting, as the act prescribes, within 30 days after the perfection of service on her: "That in all civil causes at law in the circuit court the issue and question of fact shall be tried by the judge of the court without the intervention of a jury unless a jury trial be demanded in writing * * * by the defendant or any other party occupying the position of defendant or claimant within thirty days after the perfection of service on him. * * * If the defendant or other person occupying the position of defendant or claimant desires a trial by jury he shall file a written demand therefor with the clerk of the court within thirty days after the perfection of service on him by indorsing such demand upon his initial pleading or by a separate written instrument. * * * The failure to demand in writing a jury trial as herein provided shall be deemed and held a waiver of the right of a trial by jury, and either party demanding a trial by jury shall not have the right to withdraw such demand without the consent of the opposite party."

In the amendatory act approved September 25, 1915 (Gen. Acts 1915, p. 824), is contained these provisions: "That section 5359 of the Code be amended so as to read: '5359. All civil cases at law, shall be tried and determined by the court, without a jury * * * unless the defendant at the time of filing his initial pleading indorses thereon a demand for a trial by a jury. "

It is manifest that in civil causes the policy is to condition the right to a trial by jury upon a demand therefor—to deny it unless a demand is made for such trial. The demand must be presented in the way and within the time prescribed, else it is waived. This claimant, this substituted defendant, was served with process on July 21, 1916; and from that date the period prescribed by the statute, in which she could demand a trial by jury, began to run. She did not avail of her privilege before its expiration. She was a *claimant* within the purview of the terms of the act first above quoted. That she was not, in fact, actually

substituted as a defendant until the January term, 1917, did not prevent her, as the record clearly shows, from being a claimant within the terms of the act first above quoted. The court, therefore, erred in permitting Mrs. Marsh to assert at the January term, 1917, a demand for a trial by jury; that she had waived. The petitioner is entitled to the writ as prayed. The order to that end should be vacated. However, the writ will not actually issue; the necessity for its issuance not being anticipated.

The prayer of the petition is granted.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.