(80 South. 155)

## McCAIG v. STATE. (8 Div. 613.)

(Court of Appeals of Alabama. June 29, 1918.)

1. JURY ☜25(6)—RIGHT TO JURY TRIAL — WAIVER BY FAILURE TO DEMAND.

In view of Acts 1915, p. 940, § 2, relating to demand for jury trial in misdemeanor cases, failure to demand a jury trial within the time allowed by the statute waives the right thereto, and it is the court's duty to proceed without a jury.

2. CRIMINAL LAW ☜451(3)—OPINION EVIDENCE—APPEARANCE AND EMOTION OF OTHERS.

In a criminal prosecution, it is permissible for a witness to testify as to the appearance and emotions of another person.

3. CRIMINAL LAW ☜363—EVIDENCE — RES GESTÆ.

In a prosecution for assault upon girls, it was permissible for the state to show as part of the rest gestæ that the clothing of one of the girls was torn.

4. INDICTMENT AND INFORMATION ☜34(2) — INDORSEMENT OF TRUE BILL.

An indorsement on an indictment: "A true bill. J. A. W., Foreman of the Grand Jury. Filed in open court, this 14th day of April, 1917. J. L. D., Clerk"—was sufficient, in view of Code 1907, § 7154.

### On Rehearing.

5. JURY ☜29(1)—RIGHT TO TRIAL BY JURY—WAIVER.

When the act of a defendant in a criminal prosecution is supposed to have effected a waiver of a jury trial, where there is reasonable doubt as to whether the act was within the statute, the doubt will be resolved in favor of the right to jury trial.

6. JURY ☜29(1)—RIGHT TO JURY TRIAL — CORRECTION OF ORDER AS TO WAIVER.

In a criminal prosecution, that the trial court had previously ruled that defendant has not waived trial by jury, and has passed the cause to a day of the term, did not relieve court of duty to try defendant without a jury, and was no obstacle to the correction of the erroneous order.

7. ASSAULT AND BATTERY ☜80—BURDEN OF PROOF—IDENTITY OF OFFENSE.

In a prosecution for assault, the name of the person assailed as laid in the indictment is a material averment and element of the burden of proof resting on the state as to the identity of the offense.

8. MARRIAGE ☜54—BIGAMOUS MARRIAGE—EFFECT.

Bigamous marriages are void ab initio, and are not attended by the usual incidents of a legal marriage, in the absence of statute so declaring.

9. MARRIAGE ☜54—BIGAMOUS MARRIAGE — CHANGE OF NAME.

A bigamous marriage does not change the name of the woman, and her maiden name may be used in a prosecution wherein she is prosecutrix.

10. INDICTMENT AND INFORMATION ☜166—MATTER TO BE PROVED—JOINT DEFENDANTS—PARTICIPATION IN OFFENSE.

In a prosecution for assault, it was not essential to defendant's conviction that the evidence should show that the party jointly indicted with him participated in the offense.

11. INDICTMENT AND INFORMATION ☜34(2)—INDORSEMENT—SUFFICIENCY.

An indictment whereon the word "no" was indorsed immediately before the words "A true bill," the word "prosecutor" being written before the word "no," instead · of after, referring to whether a prosecutor appeared, the mistake was clerical, and did not vitiate the indictment.

Appeal from Circuit Court, Morgan County; R. C. Brickell, Judge.

Jack McCaig was convicted of assault on a joint indictment with another, and he appeals. Affirmed, and rehearing denied.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Wert & Hutson and Wert & Lynne, all of Decatur, for appellant.

F. Floyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

BROWN, P. J. [1] The indictment was returned against the defendant on April 14, 1917. He was arrested and gave bail on the 8th of May, 1917. His first and only demand for trial by jury was made on November 5, 1917; more than 30 days having elapsed between the date of his arrest and the filing of the demand for trial by jury. Failing to demand a trial by jury within the time allowed by the statute, the right of trial by jury was waived, and it was the duty of the court to proceed to trial without a jury. Acts 1915, p. 940, § 2; Baader v. State, 201 Ala. 76, 77 South. 370; Ex parte Elba Bank & Trust Co., 199 Ala. 651, 75 South. 294.

[2] It is permissible for a witness to testify as to the appearance and emotions of another person. Parrish v. State, 139 Ala. 45, 36 South. 1012; Gardner v. State, 96 Ala. 12, 11 South. 402; Reeves v. State, 96 Ala. 33, 11 South. 296; Thornton v. State, 113 Ala. 43, 21 South. 356, 59 Am. St. Rep. 97.

The principle upon which such opinions are admissible as evidence is very fully stated in Carney v. State, 79 Ala. 14; Thornton v. State, supra; 4 Ency. Dig. Ala. Rep. p. 210, § 290(3).

Under this rule, the court did not err in overruling defendant's objection to the statement of the witness Busby that his daughters were nervous and frightened when he arrived at his home.

[3] It was also permissible for the state to show as a part of the res gestæ of the assault made by the defendant and White on the Busby girls that the clothing of one of the girls was torn. Lundsford v. State, 2 Ala. App. 38, 56 South. 89; Rowlan v. State, 14 Ala. App. 19, 70 South. 953.

[4] The indorsement on the indictment: "A true bill. J. A. West, Foreman of the Grand Jury. Filed in open court, this 14th day of April, 1917. J. L. Draper, Clerk"—was a sufficient compliance with the statute, and the motion in arrest of judgment was properly overruled. Code 1907, § 7154; McKee v. State, 82 Ala. 32, 2 South. 451.

There is no error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

[5] So far as the defendant's right of trial by jury is involved the question presented is as to the effect of the defendant's failure to comply with the statute rather than a construction of the statute. If it was a question as to whether the act of the defendant that is supposed to effect the waiver was within the letter and spirit of the statute, and there was reasonable doubt as to whether the act was within the statute, as in Curlee's Case, the doubt would be resolved in favor of the right of trial by jury. Curlee v. State, 75 South. 268.[1] Here there is no doubt as to the fact that the defendant failed to comply with the requirements of the statute in making the demand or request for jury trial, and the result is that trial by jury was waived, and it became the court's duty to proceed with the trial without a jury. Ex parte Elba Bank & Trust Co., 199 Ala. 651, 75 South. 294; Baader v. State, 201 Ala. 76, 77 South. 370.

[6] The fact that the court had previously ruled that the defendant had not waived trial by jury and had passed the cause to a day of the jury term, in no way relieved the court of the duty to try the defendant without a jury, and was not an obstacle to the correction of the erroneous order previously entered. The defendant's rights are fixed by law as applied to the facts, and not by a holding of the court not in accord with the law.

[7] The name of the person assailed as laid in the indictment is "Nellie Busby." This is a material averment and element of the burden of proof resting upon the state as to the identity of the offense. Morningstar v. State, 52 Ala. 405; Nugent v. State, 19 Ala. 540.

[8] The bill of exceptions recites that "Nellie Busby," the person the evidence tends to show was arrested, was examined as a witness, and the evidence shows that that was her maiden name. On cross-examination, the defendant brought out the fact that previous to the assault the witness had married one Martin Tucker, and also developed facts tending to show that the marriage was bigamous, and that Tucker had been convicted and sentenced to the penitentiary for the offense. Such marriages are void ad initio, and are not attended by the usual incidents attending a legal marriage, in the absence of statute so declaring. Stewart v. Vandervort, 34 W. Va. 524, 12 S. E. 736, 12 L. R. A. 50, and note; 18 Rul. Case Law, p. 445, § 75.

[9] If the marriage was bigamous, as the evidence tended to show, the name of the prosecutrix was not changed thereby, and the averments of the indictment were sustained.

[10] It was not essential to the defendant's conviction that the evidence should show that the party jointly indicted with him participated in the commission of the offense. White v. State, 12 Ala. App. 162, 68 South. 521; Segars v. State, 88 Ala. 144, 7 South. 46; Crawford v. State, 112 Ala. 1, 21 South. 214.

[11] We are of opinion that the word "no," immediately before the words "A true bill," refers to and is a part of the indorsement as to whether a prosecutor appeared, and that the position of the word on the indorsement is a mere clerical and self-correcting error; the word "prosecutor" being either written

[1] Ante, p. 62.

on the indictment before the word "no," instead of after, or that these words were reversed in their order in transcribing the indorsement into the record.

Application overruled