### HORN v. STATE.   (4 Div. 388.)

Supreme Court of Alabama.   June 7, 1928.

1. **Indictment and information ⬥122(3)—Solicitor should file complaints following charge in original affidavit, notwithstanding severance as to defendants originally jointly charged.**

   Where two defendants were jointly charged with offense and severance was subsequently granted, solicitor should file complaint against each defendant following charge made in the original affidavit.

2. **Criminal law ⬥1167(1)—Filing, after severance, of complaint charging single defendant with presenting pistol, if departure from original affidavit charging defendants jointly was harmless.**

   Where two defendants were jointly charged in original affidavit with offense of unlawfully presenting a gun, and severance was subsequently granted, solicitor's complaint charging one of defendants alone with presenting pistol, if erroneous as a departure from the affidavit, was not prejudicial, since offenses of this character are several as well as joint, and one defendant may be convicted and the other acquitted, and failure of solicitor to file complaint charging defendants jointly relieved state of none of its burdens.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Certiorari to Court of Appeals.

Henry Horn was convicted of unlawfully presenting a gun, and he appealed. Judgment was affirmed by the Court of Appeals (117 So. 283), and he brings certiorari. Writ denied.

It appears that the defendant and another were, in the original affidavit on which trial was had in the county court, jointly charged with the offense; that upon conviction in the county court both appealed to the circuit court, where a severance was granted and the state elected to place defendant Horn on trial; and that the complaint, filed by the solicitor in the circuit court, charged defendant Horn alone with presenting the pistol. It further appears that defendant Horn moved to strike this complaint as being a departure from the affidavit upon which it was based; that said motion was overruled.

Powell & Hamilton, of Greenville, for appellant.

There was a clear departure from the original prosecution, and should not have been permitted. There could be no conviction of petitioner without evidence showing that he and Head jointly pointed the pistol at the prosecutor, as charged in the original affidavit. Elliott v. State, 26 Ala. 78; McGehee v. State, 58 Ala. 360; Townsend v. State, 137 Ala. 91, 34 So. 382; Brasher v. State (Ala. App.) 112 So. 535.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BROWN, J. [1] The correct practice would seem to have required the solicitor to file a complaint following the charge made in the original affidavit, and on this complaint, though severance had been granted to this appellant, both defendants could have been separately tried.

[2] Offenses of this character are several as well as joint, and one defendant may be convicted and the other acquitted. Therefore the failure of the solicitor to file a complaint charging the defendants jointly relieved the state of none of its burdens, and imposed on the defendant no great burden. Crawford v. State, 112 Ala. 1, 21 So. 214; White v. State, 12 Ala. App. 160, 68 So. 521.

In the light of this rule of law and the facts stated in the opinion showing that the evidence offered related only to the offense as charged in the original affidavit, the Court of Appeals properly applied the doctrine of error without injury.

Writ denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.