# McAdory *v.* The State.

## *Arson.*

1. *A witness can not testify as to the appearance of the prisoner.*—Evidence that the prisoner "looked downcast" expresses merely the opinion of the witness, and is inadmissible.

2. *A charge stating circumstances tending to show guilt, should also state those which may explain them.*—Where the testimony tended to show the indisposition of the prisoner, a charge by the court that, if defendant was within four hundred yards of where the gin-house was burned, and was advised of the burning and did not go and aid others in saving property that might be saved from the fire, the jury might look to that fact as a circum-stance, with other evidence tending to show his guilt, is objectionable, because it did not refer to his alleged indisposition.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. JOHN HENDERSON.

An indictment was found against the defendant, at the spring term, 1877, of the Circuit Court of Coosa county, for the crime of arson. To this indictment the defendant pleaded not guilty.

About midnight, of a day in December, 1876, the gin-house of one P. J. McAdory, who lived in Coosa county, was burned. The next morning he accused the defendant of burning the house. The defendant denied that he had done so. To a question asked at the time, why he had not aided in putting out the fire, the defendant replied, " that he had started, but was so sick he had to go back." The witness introduced by the State was then asked " how the defendant looked ?" To this question the defendant objected, but his objection was overruled by the court, and the defendant excepted. The witness answered that he " looked downcast."

The defendant had attended a meeting, distant from the gin-house about three-quarters of a mile, and while at the meeting complained of sickness, and did so on his way home. In company with others, the defendant left the church and went with his companions to the house of Wiley Corbin. Then he again complained of being sick, and laid down on a bed. He was at the house of Wiley Corbin when the alarm of fire was given, and, with others, " started to the fire, but complained of being sick and returned." Corbin's house was three or four hundred yards from the gin-house. There

was evidence tending to show the defendant was not at the house of Corbin until the gin-house was on fire.

The court charged the jury, among other things, " that if the evidence satisfied them that the defendant was within four hundred yards of where the gin-house was burned, and was advised of the burning, and did not go and aid others in saving property that might be saved from the fire, the jury might look to that fact as a circumstance, with the other evidence, tending to show his guilt." The defendant excepted to this part of the charge.

Among other charges, the defendant asked, in writing, the following :

1. " The mere fact that the prosecutor testified that he lived in Coosa county, had a gin-house burned, and that the gin-house was one hundred and fifty or two hundred yards from the prosecutor's house ; that this is not sufficient, without further, to show said gin-house was situated in said county of Coosa, and if this is all the evidence tending to show the gin-house was situated in Coosa county, then they must find the defendant not guilty.

2. " That if the jury believe, from their own experience, that there was generally, on such occasions, a disposition on the part of white men to impose extraordinary hard labor on the black men, and if they believe, from the evidence, the defendant was sick on the night of the burning, then they may consider this to explain his failure to go to assist in preserving the property at the gin-house.

3. " That the jury can not capriciously disregard the evidence of any witness, but they may look to the fact that P. J. McAdory publicly offered a reward of one hundred dollars, and that other parties offered amounts for evidence to convict the party who burnt his (McAdory's) gin-house, in order to determine the credit of the witness, Lewis Norwood, and if they believe this witness was moved to give evidence by the offer of money, then they may look to that fact to determine whether or not said witness is entitled to credit."

The court refused to give these charges ; and to each refusal the defendant separately excepted.

S. J. DARBY and F. L. SMITH, for appellant.

JOHN W. A. SANFORD, Attorney-General, contra.

STONE, J.—Evidence that the prisoner looked " down-cast," was but the opinion of the witness, and should not have been admitted.—Johnson v. The State, 17 Ala. 618, 625; Gassenheimer v. The State, 52 Ala. 313.

[Ozeley v. The State.]

That part of the general charge which stated " if defendant was within four hundred yards of where the gin-house was burned, and was advised of the burning, and did not go and aid others in saving property that might be saved from the fire, the jury might look to that fact as a circumstance, with the other evidence, tending to show his guilt," is objectionable, in not referring to the alleged indisposition of the prisoner. There was testimony that prisoner complained of being sick. If the jury did not disbelieve this complaint of his, then it was a circumstance calculated to excuse him for not going to the fire. The truth or falsity of the excuse was a question for the jury ; and the charge we are commenting on is faulty, in withholding that feature of the evidence from the jury. The charge would have stood above criticism, if it had contained a clause similar to the following : " provided he was in such state of health as to show his presence and assistance would have been of service, without material injury to himself."—*Martin v. Hill*, 42 Ala. 275 ; *King v. Pope*, 28 Ala. 600.

Charges on the subject of venue will not probably arise again in their present form, and we need not consider them.

The second charge asked predicates a fact, of which no evidence is found in the record. This constitutes it abstract. 1 Brick. Dig. 338, §§ 40, 41.

The third charge asked should have been given.

We find no other error in the record.

The judgment of the Circuit Court is reversed and the cause remanded. Let the prisoner remain in custody until discharged by due course of law.