# White v. The State.

*Indictment for Bribery.*

1. *Evidence of former indictment; statute of limitations.*—Where one is on trial for bribery under an indictment which was presented more than three years after the commission of the alleged offense, it is permissible for the State to introduce in evidence an indictment which was presented the next term of the court after the alleged crime was committed, together with the fact that such indictment was quashed because of a variance between its allegations and the proof; the proof of the first presentment being admissible to show that the prosecution was not barred by the statute of limitations.

2. *Bribery of juror; evidence of pending indictment, and the docket and entries thereon admissible.*—On a trial under an indictment for offering to bribe a juror empannelled for the week when defendant was to be tried under an indictment then pending against him, it is admissible to introduce in evidence the indictment pending against defendant when the bribe was offered, together with the docket of the cause and entries thereon, showing that the said cause was pending at that time.

3. *Same; when evidence of defendant·talking with his usual intelli-*

[White v. The State.]

*gence admissible.*—Where, under an indictment for offering to bribe, the defense is that, at the time of the alleged offer, defendant was so intoxicated with strong drink that he did not know what he was doing, the person to whom the offer was made, having known the defendant intimately for many years, may testify that, at the time of the offer to bribe him, he thought defendant talked with his usual intelligence, and that such was his recollection; such testimony being admissible as a collective fact, and as tending to show that defendant knew what he was doing

4. *Drunkenness as a defense; evidence thereof.*—When a specific intent is of the essence of the offense charged, drunkenness, as affecting the mental condition of the accused, may become a proper subject to be considered by the jury in deciding the question of intent, and under such a defense, the defendant may introduce evidence of the character and extent of his intoxication, of his conduct, and of any other fact tending to show that he was not conscious of his acts or words; but a statement by a witness that defendant was so drunk he did not know what he was doing, is not admissible in evidence, because such testimony is the statement of a conclusion which it was only competent for the jury to draw from all the evidence.

5. *Same; charge to the jury.*—Drunkenness, to excuse the commission of crime, must be to the extent that the accused is unconscious that he was committing a crime, and incapable of discriminating between right and wrong, or of entertaining the corrupt intent essential to the completion of the offense; and a charge to the jury that if they believed "that defendant was drunk, or so intoxicated that he was incapable of forming or entertaining the intent essential to the commission of the offense" charged, is rightly refused as being misleading; it should have read "that defendant was so drunk or intoxicated that he was incapable," &c.

6. *Offer to bribe a juror; burden of proof.*—When an indictment charges that the defendant corruptly offered to bribe a juror, "with the intent to bias the mind or influence the decision of such juror, in relation to a cause or matter which was pending" in a court, designating the particular cause, the burden is upon the State to satisfy the jury, beyond a reasonable doubt, that the offer by the defendant, if made, was corruptly made with the intent to bias the mind or influence the decision of the said juror in relation to the particular case designated in the indictment; and proof of an offer by defendant to bribe said person in reference to any other pending cause will not sustain a conviction.

7. *Same; conviction if the offer was made with intent to bias the mind of the juror; charges to the jury.*—Under the statute denouncing an offer to bribe a juror, (Code, § 3915), a defendant can be convicted if the offer is corruptly made "with the intent to bias the mind, or influence the decision" of such juror; and charges to the jury, which ignore that provision of the statute, authorizing a conviction if the

[White v. The State.]

offer to bribe was made with the intent to bias the mind of the juror, are properly refused.

8. *Reasonable doubt; charge to the jury.*—In the trial of a criminal case, a charge, which instructs the jury "that if you are reasonably doubtful as to the proof in this case of any material allegation of the indictment, you must acquit the defendant," asserts a correct legal proposition, and should be given.

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. JOHN R. TYSON.

The appellant was tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment Will White did corruptly offer, promise or give Peter Singleton, a juror regularly summoned to serve as a petit juror at the spring term 1890 of the circuit court of Escambia county, three yoke of oxen and a cart of the value of two hundred and fifty dollars, with the intent to bias the mind or influence the decision of such juror, in relation to a cause or matter which was pending in said court, wherein Will White was the defendant and the State of Alabama was plaintiff, and said White was charged with grand larceny. And the grand jury aforesaid further charge that before the finding of this indictment Will White did corruptly offer, promise or give to Peter Singleton, a juror who was empannelled and sworn as a juror at the spring term 1890 of the circuit court of Escambia county, Alabama, three yoke of oxen and a cart of the value of two hundred and fifty dollars, in relation to a cause or matter which was pending in said court, wherein the said Will White was defendant and the State of Alabama was plaintiff, and the said White was charged with grand larceny, against the peace and dignity of the State of Alabama." This indictment was preferred at the fall term 1893 of the circuit court of Escambia county.

Upon the trial of the cause, as is shown by the bill of exceptions, the State introduced as a witness in its behalf one Peter Singleton, who testified as follows: "That he was acquainted with the defendant; that he knew him prior to the spring term 1890 of the circuit court of Escambia county, Alabama; that he, witness, was summoned and drawn as a petit juror for the second week of the spring term 1890 of said court; that he was working on the Peters Lumber Company's ditch in Es-

[White v. The State.]

cambia county, Alabama, during the first week of the
spring term 1890 of the circuit court, after he had been
summoned as a juror ; when the defendant White came
to where he, witness, was at work, and after some con-
versation between witness and White, White stated to
witness that he had a proposition to make to him and
witness asked him what it was, and he replied that he
had a case in court that he thought would come up next
week, and I see you are drawn on the jury for that week,
and said that he would give him the oxen and cart we had
been talking about if he would help him out in his case,
when witness told him he did not want to do that, that
if he got them he wanted to pay for them, that he did
not want them that way ; that he, witness, had been
trying to trade with defendant some weeks before for
said oxen and cart.　That defendant owned three yoke
of oxen and a cart, and that they were worth two hun-
dred and fifty dollars.　Witness further testified that the
circuit court for the spring term 1890 was in session at
the time White came to him ; that it was during the first
week of the court ; that no one was present during said
conversation but White and witness.　The solicitor then
asked witness to state the exact words White used about
giving him the oxen and cart.　Witness replied : ''I
see you are drawn on the jury for next week, and I want
you to help me out in my case, and I will give you them
oxen and cart,'' naming the oxen, that White had before
that tried to sell to witness.　And witness replied to
White : "I do not want them in that way, that when I
get them I wanted to pay for them.''　That witness
knew that defendant was indicted for the stealing of
some hogs, and that defendant knew that witness knew
this when he made this proposition.

The State then introduced in evidence an indictment
which was found at the fall term 1890 of the circuit
court of Escambia county, in which the defendant was
indicted for the larceny of some hogs.　This indictment
was properly indorsed and marked filed September 28,
1889.　The defendant objected to the introduction of
said indictment in evidence, on the ground that it was
not identified as the indictment in the cause mentioned,
was not shown to be the one described in the indictment
in the present case.　The court overruled this objection,
and the defendant duly excepted.

[White v. The State.]

The State then introduced the minutes of the circuit court of Escambia county for the spring term 1890, showing the *venire facias* for the second week of said term, which showed that the witness, Peter Singleton, had been duly drawn, summoned and empannelled as a juror for the second week; and also introduced the entry upon the trial docket of the circuit court of Escambia county for the spring term 1890 identifying the minute entry above referred to, and showing the pendency of the prosecution of the defendant for larceny. The defendant objected to the introduction of these entries, on the grounds that they were irrelevant, immaterial, and duly excepted to the court's overruling his objection. The State also introduced in evidence, against the objection and exception of the defendant, the indictment preferred by the grand jury at the spring term 1891, of Escambia county, charging the defendant with bribery, and also the entry made upon the minutes at the.fall term 1893 of the circuit court of Escambia county, showing that on account of a variance between the allegation of the indictment preferred at the spring term 1891 and the proof, the prosecution was dismissed, and another indictment was preferred at the fall term 1893, which is the indictment under which the defendant was tried in the present case in the court below. This evidence was introduced to show that the present prosecution was not barred by the statute of limitations.

The defense of the defendant was that at the time he was alleged to have offered the bribe to the said Singleton, he was too drunk to understand or know what he was doing. The evidence tending to substantiate this defense is sufficiently stated in the opinion. The other rulings of the trial court, which are passed upon on this appeal, are also stated in the opinion.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately : excepted to the court's refusal to give each of them as asked : (1.) "The court charges the jury that the promise or offer made to Peter Singleton by defendant must have been corruptly made, and made with the intent to bias the mind or influence the decision of Peter Singleton as a juror in the case of the State vs. Will White, charged with grand larceny, and if they believe from the evidence that defendant was

drunk, or so intoxicated that he was incapable of form-
ing or entertaining the intent essential to the commis-
sion of the offense of bribery, they must acquit him."
(2.) "The court charges the jury that the offer or
promise made to Peter Singleton by the defendant, as
testified to in this case by Peter Singleton, must have
been corruptly made, and made with the intent to bias
the mind or influence the decision of Peter Singleton
as a juror in the case of The State vs. Will White,
charged with grand larceny." (3.) "The court charges
the jury that if they believe from the evidence that the
defendant was drunk at the time he offered to bribe the
juror Peter Singleton, then the jury can look at that fact,
that is the fact that the defendant was drunk, for the
purpose of ascertaining the motive or intent with which
he offered the bribe." (4.) "The court charges the jury
that the promise or offer made to Peter Singleton by the de-
fendant must have been corruptly made, and made with
the intent to bias the mind or influence the decision of
Peter Singleton as a juror in the case of the State vs.
Will White, charged with grand larceny." (5.) "The
court charges the jury that the record introduced in evi-
dence in this case shows that there were three separate
and distinct cases pending in this court against the de-
fendant at the time he is alleged to have attempted to
bribe the juror, Peter Singleton, and that if you find
from the evidence that White attempted to bribe the
juror Singleton as to one case only, then you must find
beyond a reasonable doubt that White referred to and
intended and attempted to bribe the juror so as to in-
fluence the decision of such juror in regard to the case
for grand larceny described in the indictment in this
case." (6.) "The court charges the jury that before
they can convict the defendant in this case they must
find from the evidence beyond a reasonable doubt that
he did attempt to bribe the juror Singleton so as to in-
fluence the decision of said juror in the particular case
mentioned in this indictment, and if, after considering
all the testimony in this case, your minds are left in a
state of reasonable doubt as to what case White referred
to when he is alleged to have attempted to bribe the
juror Singleton, then you must acquit the defendant."
(7.) "The court charges the jury, that if they are
reasonably doubtful from the evidence in this cause as

[White v. The State.]

to the defendant attempting to bribe Singleton as a juror in the particular case described in this indictment, they must acquit the defendant, and that any belief that the jury might have as to an attempt on the part of defendant to bribe Singleton as a witness can not be considered in this case against the defendant." (8.) "The court charges the jury, that every material allegation in this indictment must be proved beyond a reasonable doubt, and that one of those material allegations is that defendant attempted to bribe the juror Singleton so as to influence the decision of such juror in the particular case described in this indictment; and that if from all the evidence in this cause the jury have a reasonable doubt as to which of the three cases then pending against him in the circuit court the defendant referred when he said, if you believe he said it, that 'he wanted the juror Singleton to help him in this case,' then you must acquit the defendant." (9.) "The court charges the jury that before they can convict the defendant in this case, they must decide from the evidence in this cause beyond a reasonable doubt that White, the defendant, attempted to bribe the juror Singleton so as to influence the said jurors in making up the decision of such juror in the grand larceny case, and if you have any reasonable doubt that White referred to this particular case when talking to Singleton, you must acquit the defendant." (10.) "The court charges the jury that if you are reasonably doubtful as to the proof in this case of any material allegation of the indictment, you must acquit the defendant." (11.) "The court charges the jury that a reasonable doubt on the part of the jury growing out of the evidence in this case, as to what case the defendant attempted, if he did so attempt, to bribe the juror Singleton, so as to influence the decision of such juror, then such doubt would demand the acquittal of the defendant in this case."

RABB & STEVENS, for appellant.—The objection to the question as to whether defendant talked to the witness with his usual intelligence should have been sustained; and the answer thereto should have been excluded.— *Cauley v. State,* 92 Ala. 71; *Perry v. State,* 91 Ala. 83; *Martin v. State,* 90 Ala. 602; 1 Brick. Dig., 473-477; 1 Greenl. Ev., §§ 440, 576, 580.

[White v. The State.]

The witnesses Matthis and White should have been permitted to testify as to defendant's drunken condition.—*Chatham v. State*, 92 Ala. 47; *King v. State*, 90 Ala. 612; *Armor v. State*, 63 Ala. 173.

The charges requested by defendant should have been given.—*Chatham v. State*, 92 Ala. 47; *Elmore v. State*, 92 Ala. 51; *King v. State*; 90 Ala. 612; *Walls v. State*, 90 Ala. 618, *Gibson v. State*, 89 Ala. 121; *Armor v. State*, 63 Ala. 173.

WM. L. MARTIN, Attorney-General, for the State, cited *Chatham v. State* 92 Ala. 47; *King v. State*, 90 Ala. 612.

HEAD, J.—At the fall term, 1889, of the Escambia circuit court, the appellant was indicted by the grand jury for the offense of grand larceny. The indictment was pending in the court at the following term, to-wit, the spring term, 1890. At the spring term, 1891, an indictment was found and presented against him for bribery, or offer to bribe, substantially the same as the present indictment, except as to a date. By reason of a variance between the allegations and the proof, in respect of this date, the indictment was quashed at the fall term 1893, and the present one found and presented in its place. There was no error in permitting the State to prove these facts, touching these two indictments for bribery. It was essential to prove the presentment of the first, and that it had been quashed, to obviate the defense of the statute of limitations of three years, on the trial of the last.

The solicitor introduced in evidence the indictment, above referred to, for grand larceny, together with the docket of the cause, and entries thereon, showing the cause was pending at the spring term, 1890. This was, of course, for the purpose of proving the averment of the present indictment, that the alleged offer to bribe had relation to a cause or matter which was pending in said court, wherein this defendant was defendant and the State of Alabama was plaintiff, and defendant was charged with grand larceny. It is objected that the proof offered did not show that it was the same charge or matter referred to in the present indictment. It showed an indictment for grand larceny pending in the

court, at the time of the alleged offer to bribe, and it was for the jury to say whether it was the same charge or matter referred to in the present indictment. We see no good reason why the docket and entries thereon, kept by the clerk of the court, showing that the grand larceny indictment, found at the fall term 1889, was on the docket for trial at the spring term 1890, should not have been admitted. The keeping of such a docket and making of the entries thereon, are official acts of the clerk, done under express statutory requirement. The evidence in question showed that the case was docketed and set down for trial at that term—a fact certainly material for the State to prove.

The defendant introduced evidence tending to show that at the time of the alleged offer to bribe, he was so intoxicated with strong drink that he did not know what he was doing. The State, in rebuttal, asked its witness, Singleton, the person alleged to have been bribed, or attempted to be bribed, "Did White, at the time of his conversation with you, talk with his usual intelligence?" which the witness answered, "Yes, sir, I think so." He further stated that such was his recollection. It was objected that this evidence was the mere opinion of the witness and not admissible against the defendant. We do not think so. It was shown that the witness had known defendant intimately and well for fifteen or eighteen years. The fact, if true, that at the time of the alleged commission of the offense the defendant talked with his usual intelligence was material to be established as tending to show that defendant was capable of knowing what he was doing; and of entertaining the corrupt intent essential to bribery. It could be proved in no other way than that adopted. It was impossible for the witness to reproduce the manner, tone of voice, the exact words used, and other conditions which would reflect the usual intelligence of the defendant; hence it was competent for one who heard and saw these conditions, to state as a collective fact that the defendant talked with his usual intelligence.—Lawson on Exp. & Op. Ev., 473.

The defendant testified as a witness in his own behalf that he was under the influence of whiskey during the entire week, in which Singleton testified the offer to bribe was made (which was the first week of the spring term of 1890 of the circuit court), and had no knowl-

edge of any conversation whatever with Singleton, and no knowledge of having ever offered to bribe him; that if he had the conversation, as testified to by Singleton, he was drunk at the time, and did not know what he was doing. In this connection, the defendant introduced H. H. Matthis, and offered to prove by him that he was attorney for defendant in three cases pending against him, and that he frequently saw defendant during said week, in the town of Brewton, and that he was drunk and so under the influence of whiskey as not to know what he was doing. The defendant also introduced his brother, Frank White, and offered to prove by him that he, the defendant, was under the influence of liquor and drunk said entire week, and drunk during the time that Peter Singleton alleged he had a conversation with defendant, and so drunk as not to know what he was doing. The court refused to admit the proposed evidence. It is clearly settled by the decisions of this court that when the offense charged consists of an act committed with a particular intent—when a specific intent is of the essence of the crime—drunkenness, as affecting the mental state and condition of the accused—becomes a proper subject to be considered by the jury in deciding the question of intent.—*Chatham v. State*, 92 Ala. 47; *King v. State*, 90 Ala. 612; *Armor v. State*, 63 Ala. 173. These cases define the extent and effect of intoxication necessary to avail the defendant as an excuse for the act done. In view of this principle the evidence offered would have been admissible had it not taken a step too far. It proposed to show, as a fact, a conclusion which it was competent for the jury only to draw, namely, that defendant was so drunk *he did not know what he was doing*. The character and extent of the drunkenness, the conduct and demeanor of the defendant, and any other fact tending to show he did not know what he was doing should have been shown, and the question whether he knew what he was doing or not left to the jury. The testimony proposed to be shown by the witness, Matthis, does not relate directly to the time the offense is said to have been committed, but we think the fact, if it be a fact, that the defendant was seen frequently during the week of the offense, and was drunk each time, would have tended to corroborate the testimony of the defendant that he was drunk during the whole week, covering

the time of the act charged.   Hence, if his testimony, as offered, had not been objectionable on the grounds above pointed out, it would have been admissible.

Essential to the offense charged, the offer, promise or gift must have been corruptly made by the defendant, with the intent to bias the mind or influence the decision of the juror in the case or matter pending in the court, and specified in the indictment.   If, as is said in *Chatham v. State, supra*, the defendant was so intoxicated as that he was incapable of consciousness that he was committing a crime; incapable of discriminating between right and wrong, then he could not have entertained the corrupt intent essential to the completion of the offense.   Under the evidence, touching the defendant's drunkenness, it was properly a question for the jury whether he actually entertained the necessary corrupt intent.   The two charges, 1 and 3, by which he attempted to have the jury instructed on this point, are subject to criticism.   The first should have read, "that defendant was so drunk or intoxicated that he was incapable," &c.; and not as written, "that defendant was drunk, or so intoxicated that he was incapable," &c. The defendant may have been drunk, and yet capable of committing the offense.   The drunkenness, to excuse, must have been of the character and extent we have above indicated.   The third charge was capable of misleading the jury.

The indictment charges that the alleged act of the defendant was done with the intent to bias the mind or influence the decision of the juror, in relation to a cause or matter which was pending in said court, wherein Will White was the defendant and the State of Alabama was plaintiff, and said White was charged with grand larceny.   To secure a conviction, it was necessary for the State to prove this averment.   The proof shows that at the time of the alleged offer to bribe, there were three indictments pending against Will White, in said court; one for grand larceny, and the others for marking or altering the marks of hogs; and Singleton was a witness for the State, and had been subpœnaed, as such, in each of these cases.   It was incumbent on the State to satisfy the jury, beyond a reasonable doubt, that the alleged offer or promise of the defendant, if made, was with the intent to bias the mind or influence the decision

of the juror *in relation to the case of grand larceny*. Charges 2, 4 and 7 requested by the defendant ought to have been given. Charges 5, 6, 8, 9 and 11 are defective. They ignore that provision of the statute which authorizes conviction if the offer or promise was made with intent to *bias the mind* of the juror. The statute employs the alternative, "to bias the mind or influence the decision of the juror," and they cannot, properly, be taken to mean the same thing.

Charge 10 asserts a truism, and ought to have been given.

For the errors mentioned the judgment is reversed and cause remanded. Let the prisoner remain in custody until discharged by due course of law.

Reversed and remanded.