# Williams *v.* The State.

*Assault With Intent to Murder.*

(Decided April 18, 1907. 43 So. Rep. 720.)

1. *Witness; Competency; Husband and Wife; Offense Against the Person of One or the Other.*—The husband is a competent witness against the wife under a charge of assault with intent to murder the husband.

2. *Evidence; Secondary Evidence; Writings Collateral to Issue.*—It was not incompetent to permit a witness to testify that he had been divorced from the defendant, who was under prosecution for an assault with intent to murder witness, on the ground that the decree of divorce was the best evidence, as the matter of divorce was a mere collateral incident to the matter at issue.

3. *Same; Opinion Evidence; Identity.*—Where the evidence tended to show that accused shot at witness from the outside of the house through the window and immediately ran off, it was competent for the witness to testify "that from what he saw

[Williams v. The State.]

and in his best judgment it was the defendant who did the shooting."

4. *Criminal Law; Trial; Jury Question.*—Where the evidence tended to show that the defendant shot at the prosecutor from the outside of his house through the window, the question of whether defendant was guilty of assault with intent to murder was properly submitted to the jury.

5. *Same; Instructions; Effect of Evidence.*—A charge which asserted that unless there was other evidence than that of the person assaulted, to convince them beyond a reasonable doubt that the defendant committed the offense they could not convict the defendant and should not find her guilty, is a charge upon the effect of evidence and is properly refused.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

The defendant was charged with assault with intent to murder one Johnson. It appears from the evidence that the defendant and the person assaulted were once husband and wife. The other facts sufficiently appear in the opinion. The court refused to give the defendant the following written charges: (1) General affirmative charge, with hypothesis. (2) "The court charges the jury that unless there is other evidence in this case, save that of Lewis Johnson, which convinces you beyond a reasonable doubt that the defendant committed the offense with which she is charged, you cannot convict the defendant, and your verdict should be not guilty." The defendant was convicted, and sentenced to five years in the penitentiary.

CANTERBURY & GILDER, for appellant.—The marital relation is presumed to continue when once shown to exist.—1 Greenleaf Evidence (16th Ed.) Sec. 42; *Evans v. Horton,* 93 Ala. 329. As to how marriage may be shown see 1 Greenleaf on Evidence (16th Ed.) sec. 140. Neither husband nor wife can testify one against the other.. Same author, sections 334-335. They cannot testify after divorce.—*State v. Raby,* 20 S. C. 490. The record of the proceedings in chancery was the best evidence of the divorce.

ALEXANDER M. GARBER, Attorney General, for State. —Husband and wife can testify against one another in

cases of this character.—*Long v. The State,* 86 Ala. 36. The evidence of the divorce was merely secondary or collateral and it was not necessary to produce the highest and best evidence.—*Allen v. The State,* 79 Ala. 34; *Foxworth v. Brown,* 120 Ala. 69; *Griffin v. The State,* 129 Ala. 92; *Husky v. The State,* 129 Ala. 94. The court did not err with reference to the witness Johnson's testimony.—*Thornton v. The State,* 113 Ala. 43. The court rightly refused the two charges requested by the defendant.—*Long v. The State, supra;* 15 A. & E. Ency. of Law, (2nd Ed.) 902.

HARALSON, J.—In any criminal proceeding against the husband or wife, for any bodily injury or violence inflicted by the one upon the other, the wife or husband is competent and compellable to testify.—*Johnson v. State,* 94 Ala. 54, 10 South. 427, and authorities there cited; 7 A. & E. Ency. Law (1st Ed.) 102; 30 A. & E. Ency. Law, (2nd Ed.) 955.

In all manner of offenses involving injury, the wife has always been allowed to testify directly against her husband, and where the husband is the injured party, he may testify against the wife. This comes as a matter of necessity, otherwise the crime might go unpunished. 30 A. & E. E. L. (2d Ed.) 954; 15 A. & E. E. L. (2d Ed.) 904.

The general rule is to exclude the husband or wife in civil or criminal cases, in which the other is a party.— 1 Gr. Ev. 334. To this rule there are, however, exceptions, found stated by Mr. Greenleaf in the same volume (section 343.) He then states: "So, she is a competent witness against him in an indictment for rape committed on her person; and for an assault and battery upon her; or for maliciously shooting her. * * * Indeed, Mr. East considered it to be settled, that 'in all cases of personal injuries committed by the husband or wife against each other, the injured party is an admissible witness against the other.'"

The witness, Johnson, was permitted to state, that the defendant had been his wife, but that they had been divorced. The defendant moved to exclude that part of his answer, "but we have been divorced," on the ground,

that the decree of divorce, was higher and better evidence of the fact of divorce. But this, if important, was a collateral matter, not immediately affecting their mutual interests in this prosecution, but simply proof of an incidental or collateral fact.—1· Gr. Ev. §§ 342, 89; *Griffin v. State,* 129 Ala. 92, 29 South. 783; *Allen v. State,* 79 Ala. 34, 39.

This witness was also properly permitted to state, "that from what he saw, and in his best judgment, it was the defendant" who did the shooting.—*Thornton v. State,* 113 Ala. 44, 21 South. 356, 59 Am. St. Rep. 97.

He testified that he had married a second time; that he had been married not quite a week, when this occurrence of shooting through his window took place, and that defendant, a few days before, had made threats and stated to him, "that if he married that woman, it should never do him any good."

The evidence for the state, tended to show, that the defendant shot at the witness, Johnson, her former husband, from the outside, through the window of his house, and immediately ran off.

The defendant. testified that she did not do the shooting, and had no cause or ground for doing so. Her counsel asked her, if she had been divorced from the witness, Johnson, and she answered, "Yes, I give him a divorce."

The two charges requested by defendant, were properly refused.

No error appearing, the judgment and sentence below are affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.