# Lollar *v.* The State.

*Abusive or Insulting Language in Public Place.*

(Decided June 2, 1910.   52 South. 745.)

1. *Witnesses; Examination; Preliminary Question.*—It is not error to allow a witness to be asked if he went before the grand jury in the case on trial where the question was merely for the purpose of identifying the occurrence as to which he was about to testify with that on which the indictment was based.

2. *Appeal and Error; Harmless Error; Evidence.*—It was harmless to overrule objection to a part of the answer of a witness that the defendant was cursing and swearing, since the conclusion, though not for the witness to draw, was justified by the specific words that the witness testified that defendant used, and no effort was made by cross examination to show that such conclusion of witness had reference to other language of the defendant which the witness was unable to reproduce.

3. *Drunkard; Offense; Manifestation.*—Under section 6770, Code 1907, the condition prohibited may be manifested in the prohibited manner although the language used be caused by anger.

APPEAL from Walker Law and Equity Court.

Heard before Hon. A. F. FITE, Special Judge.

Isaac Lollar was convicted of appearing in a public place where others were present and manifesting a drunken condition by boisterous or indecent conduct or loud and profane discourse, and he appeals. Affirmed.

LEITH & GUNN, for appellant.   The court erred in permitting the opinion of the witness.—*Jackson v. The State*, 137 Ala. 180.   The court should have given charges 2 and 3.—*Roden v. The State*, 136 Ala. 89.   The conditions prohibited were not shown in this case.— *Wadsworth v. Dunham*, 98 Ala. 610.

ALEXANDER M. GARBER, Attorney General, for the State.   The court did not err in permitting the prelim-

[Lollar v. The State.]

inary question.—*Allen v. The State,* 7 Ala. 24. It was competent to show that defendant was drunk and that he was swearing.—*White v. The State,* 103 Ala. 72; *Fuller v. The State,* 117 Ala. 36; *Linnehan v. The State,* 116 Ala. 480. A witness may testify that others were near enough to hear defendant.—*McVay v. The State,* 100 Ala. 110; *Cox v. The State,* 76 Ala. 66.

SAYRE, J.—The question put to the witness Windham as to his having been before the grand jury in the case on trial was merely for the purpose of identifying the occurrence as to which he was about to testify with that upon which the indictment was based, and there was no error in its allowance.

As showing the profane discourse, necessary under the indictment to be shown as manifesting a drunken condition, the witness was allowed to state that the defendant was cursing and swearing. The objection taken to this ruling is that the witness deposed to nothing more than his opinion.—*Jackson v. State,* 137 Ala. 80, 34 South. 611, is cited. In that case the defendant was indicted for using abusive or insulting language in the presence of a woman. A witness was allowed to testify that the defendant did use abusive or insulting language. This court said that whether the defendant used abusive or insulting language was a fact in issue, the issue the jury was called to try and decide. It was said that "the witness had already testified that he did not remember the language used; non constat, if he had remembered and repeated the language, it might have been shown that what in the opinion of the witness was an abusive or insulting epithet was not in fact such." In *Linnehan v. State,* 116 Ala. 471, 22 South. 662, in which the defendant was charged with murder, it was held that a question asking a witness whether she heard

the defendant call the deceased hard names was proper, as calling for the statement of a collective fact, subject to cross-examination as to the facts on which the statement or inference was based. But it was said that the answer should have been excluded when it further appeared that the witness did not know what the defendant had said in calling the deceased hard names.

In the case under consideration the witness on direct examination, and in response to a question requiring him to state what he saw defendant do and what he heard defendant say on the occasion in issue, testified: "I do not remember the words he used. He was mad at some one, and my recollection is that he said 'God damn him, I am going to whip him.' He was cursing and swearing and staggering." Defendant objected to so much of the answer as stated that he was cursing and swearing as the mere conclusion of the witness. It appeared from the testimony of the witness that he had at least a partial recollection of the words used by the defendant, and that the specific language deposed to justified the conclusion stated, although it was not for the witness to draw it. If it was apprehended that the testimony to which objection was taken would be accepted by the jury as a statement of the general effect of other language which the witness was unable to reproduce, a cross-examination developing that fact would have afforded a basis for a timely motion to exclude. As it is, we are unable to say that there was prejudicial error calling for the reversal of this case.

Charges asserting that if the language used by the defendant was used as the result of anger, and not of drunkenness, the defendant must be acquitted, were refused without error. The statute (Code 1907, § 6770) is aimed at drunkenness in public places only when that drunkenness is manifested by boisterous or indecent con-

duct, or loud and profane discourse, and thus the method of manifestation is made an essential element of the offense; but the language used may have manifested the defendant's drunken condition, although caused by anger.

We find no error. ·

Affirmed.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.