(101 South. 599)

## BURKE v. TIDWELL. (7 Div. 503.)

(Supreme Court of Alabama. Oct. 16, 1924.)

1. **False imprisonment** ⊗⊃26—**Evidence held properly received on issue, whether plaintiff whom officer arrested was drunk or had epilepsy.**

In action for assault and battery, and for false imprisonment, based on plaintiff's arrest in public street, evidence was properly received on issue, whether plaintiff was drunk as claimed by defense, or suffering from epilepsy as claimed by plaintiff.

2. **Evidence** ⊗⊃471(14)—**Testimony that plaintiff was drunk admissible as shorthand rendition of facts.**

Witness who saw plaintiff shortly before arrest by defendant could testify that he "saw he was drunk"; this being a permissible shorthand rendition of the facts.

3. **Appeal and error** ⊗⊃1064(1)—**Court's inaccurate definition of public drunkenness held not prejudicial.**

Court's definition of public drunkenness, which did not accurately follow definition in Code 1923, § 3883, held not prejudicial in action for assault and false arrest.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action for assault and battery and false imprisonment by J. E. Tidwell against Charlie Burke. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The oral charge of the court is in part as follows:

"In so far as that count (assault and battery) of the complaint is concerned, as applied to this evidence, if this man was drunk and in a public place, and manifested that drunken condition by loud, boisterous, profane, or indecent discourse or conduct in the presence of this officer, then the officer was authorized to arrest him. If he was not drunk, or if he was drunk and did not manifest his drunken

condition by loud, indecent, profane, or boisterous discourse or conduct, then the officer had no right to arrest him under the averments of the complaint."

E. O. McCord & Son, of Gadsden, for appellant.

Defendant's witness should have been permitted to testify that he saw plaintiff was drunk. The court erred in its oral charge. Gibson v. State, 193 Ala. 12, 69 So. 533.

J. M. Miller, of Gadsden, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. [1] Appellee sued appellant in two counts—to speak only of those that went to the jury—charging an assault and battery in one and false imprisonment in the other. Defendant, appellant, who was the town chief of police, had arrested plaintiff in the street in Attalla, and had lodged him in the calaboose for two or three hours until plaintiff was able to make bond. Defendant's justification was that plaintiff was drunk. Plaintiff contended, on the other hand, that he was not at all under the influence of liquor, but was suffering from an oncoming attack of epilepsy, to which he was subject. Of course evidence in support of these respective contentions was properly submitted to the jury.

[2] A witness introduced by defendant testified that he saw plaintiff—shortly before the arrest complained of, as the context shows—and that he "saw he was drunk." This was excluded on plaintiff's objection. This was error. The indications of drunkenness are commonly known, and we think this statement of the witness was a permissible shorthand rendition of the facts, a statement of collective fact, which defendant was entitled to have submitted to the jury, subject to cross-examination. Thornton v. State, 113 Ala. 43, 21 So. 356, 59 Am. St. Rep. 97; Lollar v. State, 167 Ala. 112, 52 So. 745. In a note to section 360 of Jones on Evidence, a number of cases are cited in which the courts have held that a witness may testify that a person was intoxicated.

[3] Other assignments of error are devoid of interest or merit. Our consideration of them requires no further statement. We will say, however, that, while the court's definition of public drunkenness did not accurately follow the definition of the statute, now section 3883 of the Code of 1923, its deficiency in that respect worked no harm to defendant.

For the error indicated, the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.