(105 So. 209)

## MILTON v. STATE.   (6 Div. 339.)

(Supreme Court of Alabama.   May 7, 1925.
Rehearing Denied June 25, 1925.)

**1. Criminal law ⬅531(3)—Proper predicate held laid for introduction of defendant's confession.**

Testimony of officer that defendant made statement to witness and another officer, that neither they or any one else, at time of or preceding statement, promised defendant anything or abused or intimidated him, *held* to constitute sufficient predicate for introduction of defendant's confession.

**2. Criminal law ⬅1166(8)—Refusing continuance for questioning defendant as to arrest for attacking white woman held not reversible error.**

Reversible error *held* not to have been committed in a murder trial in refusing defendant's motion for continuance, because solicitor asked defendant whether they arrested him for attacking a white woman, where it was promptly checked by court, and immediate and explicit instructions given to jury to disregard it.

**3. Witnesses ⬅391—Question held pursuant to predicate theretofore laid for impeachment of defendant.**

Question, propounded to witness as to conversation with defendant in jail, *held* to be pursuant to predicate theretofore laid for impeachment of defendant as witness, as to time, place, and matter in question denied by defendant.

**4. Criminal law ⬅1219—Statute providing for electrocution held not to become effective until death sentence set for day subsequent to last day of February, 1927.**

Gen. Acts, 1923, p. 759, changing execution of death sentence from hanging to electrocution, does not become effective until death sentence is set for day subsequent to last day of February, 1927, and until then execution must be by hanging, as provided by Code, 1907, §§ 7639–7652, and fact that Code 1907, §§ 7644–7647 were not included in later act, is immaterial, as they were embraced in Code 1923, §§ 5300–5303.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

John Milton, alias Williams, alias Wilson, was convicted of murder in the first degree, and he appeals.   Affirmed.

Witness Jones, for the state, testified that he and another officer brought the defendant back to Alabama from Ohio, and that defendant made a statement to them on the train; that neither witness nor the other officer, nor any one else in the presence or hearing of witness, at the time of or preceding the statement, promised defendant anything, nor told him it would be better for him to make a statement or worse for him if he did not, nor abused or intimidated or threatened defendant, nor offered him any promise whatsoever; that no one offered him any inducement or benefit to make the statement.

Phil A. Tharp and Frank Bainbridge, both of Birmingham, for appellant.

The statement asked defendant by the solicitor was of such poisonous and prejudicial nature as to deprive defendant of a fair and impartial trial.   Nunn v. State, 19 Ala. App. 619, 99 So. 738; Cassemus v. State, 16 Ala. App. 61, 75 So. 267; West v. State, 17 Ala. App. 353, 85 So. 833; Tannehill v. State, 159 Ala. 51, 48 So. 662; Moulton v. State, 199 Ala. 411, 74 So. 454; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; Standridge v. Martin, 203 Ala. 486, 84 So. 266; Scott v. State, 110 Ala. 48, 20 So. 468; Watson v. Adams, 187 Ala. 490, 65 So. 528, Ann. Cas. 1916E, 565; Steele-Smith Co. v. Blythe, 208 Ala. 288, 94 So. 281; Edwards v. Earnest, 206 Ala. 1, 89 So. 729, 22 A. L. R. 1387; Ala. I. & F. Co. v. Benenante, 11 Ala. App. 644, 66 So. 942.   There is now no provision of law for hanging in this state.   Code 1923, §§ 5319, 5320; Acts 1923, p. 759.

Harwell G. Davis, Atty. Gen., and Jim Davis, Sol., and Willard Drake, Asst. Sol., both of Birmingham, for the State.

If the question asked by the solicitor was error, there was no error where the question was not answered.   Morrison v. State, 155 Ala. 115, 49 So. 646; Adams v. State, 175 Ala. 8, 57 So. 591; Monteith v. State, 161 Ala. 18, 49 So. 777; Thomas v. State, 18 Ala. App. 268, 90 So. 878; Wimberly v. State, 204 Ala. 629, 86 So. 901; Sweeney v. State, 65 Tex. Cr. App. 593, 146 S. W. 883.   Any prejudicial effect of the question was removed by the instruction of the court.   Hill v. State, 194 Ala. 21, 69 So. 941, 2 A. L. R. 509; Griffin v. State, 90 Ala. 600, 8 So. 670; Sanders v. State, 181 Ala. 35, 61 So. 336; Smith v. State, 183 Ala. 10, 62 So. 864; Mizell v. State, 184 Ala. 16, 63 So. 1000; Brand v. State, 13 Ala. App. 390, 69 So. 379.

THOMAS, J.   [1] A proper predicate was laid for the introduction of the confession of the defendant.   Stone v. State, 208 Ala. 50, 93 So. 706; Curry v. State, 203 Ala. 239, 82 So. 489; Fincher v. State, 211 Ala. 388, 100 So. 657.

The crime for which the defendant was being tried was admitted to have been committed by some person and the defendant was in close proximity thereto at the time of the homicide.   The only question of fact was the identity of this defendant with the commission of that crime.   He was a convict

and on that day was a "trusty," who escaped at or a short time before the time of the homicide, and was arrested and (brought back from Ohio. It was while being returned to Birmingham under arrest that he made confession of the crime to the officers testifying on behalf of the state.

[2] The, solicitor, in cross-examination ' of the defendant, said to him: "You say you were arrested in Ohio?" The defendant answered: "Yes, sir." After examination as to the place of the arrest in Ohio, the solicitor then asked the defendant: "They arrested you up there for attacking a white woman, didn't they?" Before the question was answered objection was made and a motion for a continuance of the cause was predicated thereon. The court sustained the objection to the question, which was unanswered, and overruled the motion for "a continuance of the cause." Defendant reserved exception to this last ruling. Thereupon the court instructed the jury as follows:

"The question asked, gentlemen, by the solicitor, I exclude from your consideration, and ask that you do not even consider that the question was asked. Of course, gentlemen, questions so asked are submitted first to the court to say whether they are legitimate questions or not. The court rules that this is an illegitimate question, and should not be asked, and excludes ‘it from your consideration, and asks you to pay no attention whatsoever to the question as asked. Do not consider it as having any weight or bearing upon the jury in this case. Rid your mind of it in every way possible. Decide the issues of the case solely upon the evidence and the evidence alone, and do not allow yourselves to be influenced or prejudiced or in any way biased by any question asked. The questions asked, gentlemen, which are without legitimate issues of the case, when the court excludes them, should have no bearing whatsoever upon the case nor any weight in determining the issues of the case."

Counsel for defendant then said, in the nature of a reply to this statement by the presiding judge:

"Now, in order that I may get the record straight on it, I wish to renew my motion for a continuance on account of that improper and prejudicial statement of the solicitor. I didn't object to it, because I did not feel as though any statement that the court might make to the jury could take that poison out of this case, and I renew my motion now for a continuance."

To which the court replied, "Well, I will overrule that," and again an exception was reserved by defendant.

Counsel for the defense say, in argument, that the trial court did all that could be done "to eradicate it from the minds of the jury"; and the question is propounded to this court by counsel whether the jury could, "under any circumstances, forget so ruinous and poisonous a thing as this." The cases from

this court of Tannehill v. State, 159 Ala. 51, 48 So. 662, and Moulton v. State, 199 Ala. 411, 416, 74 So. 454, are cited. In the last case there were exceptions taken to remarks of counsel and those of the court; and it was held the remarks of counsel and those of the court in the oral charge created a "general atmosphere" that was prejudicial and ineradicable and constituted reversible error. The exception in the Tannehill Case was likewise taken to an aggravated and prejudicial argument of counsel made as an appeal to race prejudice, and which was held to be error.

The question challenged as being within the influence of said cases was propounded by way of cross-examination of the defendant, was promptly checked by the court, and immediate and explicit instructions were given to the jury to disregard the same. In the language of B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543, "each case of this character must be decided upon its own merits," there is "no horizontal rule" that may be applied, and "much will depend upon the issues, the parties, and the general atmosphere of the particular case." Standridge v. Martin, 203 Ala. 486, 84 So. 266. The test is, is it probably beyond the reach of timely and proper remedial action by the court? We are of opinion, and so hold, that there was no reversible error in declining defendant's motion for a continuance because of the attempted cross-examination in question.

[3]· The question propounded by the state to the witness Dial, "I will ask you if, a few days after this defendant was brought back, in the county jail, you didn't have a conversation with him in regard to him coming by your house on a horse, and if he didn't say .to you that he did come by there, but that he had on overalls and a blue shirt, and had passed your girls down the road," was pursuant to the predicate theretofore laid for impeachment of defendant, as a witness in his own behalf, by said witness Dial, as to the time, place, and matter in question, denied by defendant.

[4] Counsel for appellant further urge as error the sentencing of defendant "to be hanged by the neck till he is dead and that the execution of said sentence be had by the sheriff of Jefferson county, Ala., or his duly authorized deputy."

The provisions of the General Acts of 1923, page 759, are given a place in the Code of 1923 as sections 5317–5320. The last section is:

"5320. *Repeal of Sections of Code of 1907.* —Sections 7639, 7640, 7641, 7642, 7643, 7648, 7649, 7650, 7651, and 7652 of article 7 of chapter 278 of the Criminal Code of 1907, be and the same are hereby specifically repealed and all laws and parts of laws, in conflict herewith,

are hereby repealed when this article becomes effective."

It is provided by section 5319 of the Code of 1923 that—

"When the execution of a person sentenced to the punishment of death is set for a day subsequent to the last day of February, 1927, the execution of such sentence must be as provided in the ten preceding sections; but when the execution of such sentence is set for a day prior to the first day of March, 1927, the execution of such sentence must be as provided by article 7 of chapter 278 of the Code of 1907."

The defendant was therefore to be executed under his sentence as provided by article 7 of chapter 278 of the Code of 1907. When the whole of the Act of September 29, 1923 (Gen. Acts, pp. 759–762), is carefully noted, and its several provisions for a change at a future date from execution by hanging to execution by electrocution, "when the sentence of death is pronounced against a convict" or "when any person is sentenced to death," the means provided for accomplishing the purposes of the act, and the repealing of all laws or parts of laws in conflict therewith, can only become effective, and repeal all laws or parts of laws in conflict therewith, after the date fixed for that change in the method of execution; that is to say, the former statutes are repealed on and after the date when the applicable provisions of said act "become effective." The code commissioner had not the authority "to add to or change the act or law;" yet it was his duty, and he so discharged the same, to codify the act in question according to its legal effect and the expressed intent of its enactment by the Legislature. The old method of legal execution was, by the very terms of the act of 1923, declared to be of force and effect, and to be the law in the premises to the date indicated, and thereafter the new method becomes effective. It follows from the expressed pronouncement in the body of the act that the repealing clause was not effective, and that sections 7639, 7640, 7641, 7642, 7643, 7649, 7650, 7651, and 7652 of article 7 of chapter 278 of the Code of 1907 were not repealed at the time of defendant's conviction and sentence in accordance with the verdict of the jury and at the date fixed for his execution in accordance with the judgment of the court and the sentence of the law.

The fact that sections 7644–7647 of the Code of 1907, dealing with the pregnancy of a female convict, were not included in the act of September 29, 1923, or section 12 thereof, does not militate to a different legislative intent than that given codification by the code commissioner and as stated above. This phase of the general subject was embraced in sections 5300, 5301, 5302, 5303 of the Code of 1923.

The general affirmative charges requested by defendant were properly refused. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

The judgment of the circuit court is affirmed.

Affirmed.

All the Justices concur.