(113 So. 64)

### HALL v. STATE.  (3 Div. 784.)

Supreme Court of Alabama.    May 5, 1927.

Rehearing Denied June 4, 1927.

**1. Homicide ⬅250—Conviction of husband for wife murder held sustained by evidence.**

In prosecution of husband for murder of wife, evidence *held* sufficient to sustain conviction.

**2. Homicide ⬅286(3)—Instruction excluding element of premeditation from jury unless conspiracy existed held properly refused.**

In prosecution for murder, requested charge that, if there existed no conspiracy to take deceased's life, element of premeditation was excluded *held* properly refused.

**3. Homicide ⬅300(12)—Charge that defendant should be acquitted if he was forced to strike fatal blow in self-defense held properly refused.**

In prosecution for murder, requested charge that defendant had right to defend himself, and that, if in so doing he was forced to strike fatal blow, he should be acquitted, *held* properly refused as omitting element of freedom from fault.

**4. Homicide ⬅300(14)—Charge permitting acquittal if defendant had reason to believe retreat would place him in danger held bad as omitting imminent peril.**

Requested charge that defendant should be acquitted if free from bringing on difficulty and if jury found he had reason to believe that retreating would have placed him in imminent danger of great bodily harm *held* properly refused as omitting element of imminent and grievous peril.

**5. Homicide ⬅166(7)—Testimony as to feeling between separated husband and wife held admissible to show motive, in prosecution of husband for wife's murder.**

In prosecution of husband for wife's murder, testimony relating to feeling between defendant and deceased, when coupled and considered with their separation, *held* competent to show motive or ill will.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Criminal law ⟨key⟩451 (3)—Testimony that defendant appeared to be greatly afraid when accused of crime held admissible.**

Testimony of witness that defendant, on being questioned as to crime or accused thereof, looked frightened or appeared to be greatly afraid *held* admissible in prosecution for murder.

**7. Witnesses ⟨key⟩281—Permitting cross-examination on assumption that defendant had killed wife held not error, where defendant testified that he struck her and rolled her into creek.**

After defendant had by his testimony admitted striking wife with piece of iron and rolling her over into creek, permitting cross-examination which assumed killing of wife and carrying her and throwing her in creek *held* not error.

**8. Criminal law ⟨key⟩730(14)—Prosecuting counsel's statement that crime was rampant and special term had been called to stop it, though improper, held corrected by promptly excluding statement from jury.**

In murder prosecution, statement of counsel in argument that crime was rampant and special term of court had been called to stop it and convict defendant, though improper, *held* corrected by prompt instruction of court to jury to disregard statement in reaching verdict.

**9. Criminal law ⟨key⟩720(9)—Counsel's argument that defendant killed wife and threw her into creek, based on defendant's testimony, held not error.**

Statement of counsel in argument accusing defendant of killing wife, carrying her on shoulder, and throwing her into creek *held* not error, where defendant by his testimony had admitted striking wife and rolling her into nearby creek.

**10. Criminal law ⟨key⟩699—Court may permit plaintiff's counsel second argument, though no argument is made by defendant (Code 1923, p. 901, rule 19, "Circuit and Inferior Courts").**

Trial court may permit counsel for plaintiff to have second argument, though defendant's counsel had declined to make argument, without violating Code 1923, p. 901, rule 19, "Circuit and Inferior Courts."

**11. Criminal law ⟨key⟩1188—Case should be remanded for imposition of death penalty by electrocution, where, pending appeal, time set for sentence by hanging expired and electrocution was substituted by law (Code 1923, §§ 5309-5320).**

Where, in murder prosecution, time set for sentence by hanging had expired and law requiring execution by electrocution had become effective, under Act 1923, p. 759 (Code 1923, §§ 5309-5320), case should be remanded to circuit court to have sentence pronounced under new law.

Anderson, C. J., and Gardner, J., dissenting in part.

Appeal from Circuit Court, Autauga County; George F. Smoot, Judge.

Sam Hall was convicted of murder in the first degree, and he appeals. Judgment affirmed; remanded for sentence.

The following requested charges were refused to defendant:

"Charge 5. I charge you, gentlemen of the jury, that, if you are not convinced beyond a reasonable doubt from the evidence in this case that there existed a conspiracy to take the life of the deceased, there could be no element of premeditation as contemplated in the statutes of the state.

"Charge 6. I charge you, gentlemen of the jury, that the defendant had a right to defend himself, and that, if in defending himself he was forced to strike the fatal blow that caused the death of the deceased, you should acquit him.

"Charge 7. I charge you, gentlemen of the jury, that, if the defendant was free from bringing on the difficulty, and did not enter into the fight, willingly, and would have by retreating placed himself in imminent danger of great bodily harm, or had reason to believe that in so doing he would have placed himself in danger of great bodily harm, you should acquit him."

John A. Dickinson, of Prattville, for appellant.

Counsel discusses the questions treated, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The testimony as to the relationship or feeling between defendant and deceased was admissible to show ill will and motive. Lambert v. State, 208 Ala. 42, 93 So. 708. Witnesses were properly allowed to state that defendant appeared or looked frightened. Burton v. State, 107 Ala. 108, 18 So. 284; Burney v. Torrey, 100 Ala. 157, 14 So. 685, 46 Am. St. Rep. 33; Williams v. State, 149 Ala. 4, 43 So. 720.

THOMAS, J. Defendant was convicted of murder in the first degree and the extreme penalty of the law fixed by the jury.

No preliminary questions as to the sufficiency of venire are presented by the record or argued by counsel.

[1] At the trial the state's evidence sufficiently established the corpus delicti and the venue in the county where the trial was had. The predicate was sufficient to admit declarations against interest or in the nature of confessions. The real conflict in the evidence was as to the character of the homicide. There was evidence by the state tending to show defendant's motive for the commission of the crime. Defendant admitted killing his wife, but sought justification of his act under circumstances setting up self-defense. The verdict of the jury is supported by the weight of the evidence, and the statement of defendant that he struck her with a piece of iron he picked up in the dark, and that she ran and fell upon the bank of Autauga creek, and that he just rolled her into the creek at the point near where the body was found. There was

testimony affording the inference of fact that she was breathing at the time she was so placed by the defendant in the waters of said stream.

[2] Charges requested by the defendant that embodied correct propositions of law applicable to the evidence were fully covered by the oral charge. Refused charge 5 sought to make the element of premeditation dependent upon a "conspiracy to take the life of the deceased," when it may be conceived by the defendant on the moment to act unlawfully and to kill under circumstances not in self-defense—and this without conspiring with others to kill and without regard to the length of time intervening after the intent and the act. Daughdrill v. State, 113 Ala. 7. 32, 21 So. 378; Dunn v. State, 143 Ala. 67, 73, 39 So. 147; De Arman v. State, 71 Ala. 351; Id., 77 Ala. 10.

[3, 4] Refused charge 6 pretermits freedom from fault; and charge 7 pretermits imminent and grievous peril. Self-defense was fully defined by the court in the oral charge.

[5] The testimony relating to the feeling between the defendant and deceased, when coupled and considered with their separation, was relevant and competent to show motive or ill will. Lambert v. State, 208 Ala. 42, 93 So. 708.

[6] There was no error in permitting the witness to testify that the defendant, being interrogated about or accused of the crime, looked frightened, or rather "appeared to be greatly afraid." It was a shorthand rendition of collective facts. Fincher. v. State, 211 Ala. 388, 390, 100 So. 657; Sharp v. State, 193 Ala. 22, 69 So. 122; Burney v. Torrey, 100 Ala. 157, 14 So. 685, 46 Am. St. Rep. 33; Williams v. State, 149 Ala. 4, 43 So. 720; Burke v. Tidwell, 211 Ala. 673, 101 So. 599; B. R. & E. Co. v. Franscomb, 124 Ala. 621, 27 So. 508; Thornton v. State, 113 Ala. 43, 21 So. 356; Burton v. State, 107 Ala. 108, 18 So. 284; Miller v. State, 107 Ala. 40, 19 So. 37; James v. State, 104 Ala. 20, 16 So. 94; Jenkins v. State, 82 Ala. 28, 2 So. 150; Carney v. State, 79 Ala. 14; Whistle Bottling Co. v. Searson, 207 Ala. 387, 92 So. 657; S. & N. Ala. R. Co. v. McLendon, 63 Ala. 266, 275, 277; White v. State, 103 Ala. 72, 16 So. 63; Reeves v. State, 96 Ala. 33, 11 So. 296; Perry v. State, 87 Ala. 33, 6 So. 425.

The cases of Johnson v. State, 17 Ala. 618, "that prisoner looked serious," Gassenheimer v. State, 52 Ala. 313, "looked excited," and McAdory v. State, 59 Ala. 92, "looked downcast," have been departed from in the later decisions of this court. Sharp v. State, 193 Ala. 22, 31, 69 So. 122; Woodward Iron Co. v. Spencer, 194 Ala. 285, 69 So. 902; Thornton v. State, 113 Ala. 43, 47, 21 So. 356.

[7] The cross-examination of the defendant by the state's counsel, after defendant's evidence, was free from error. He had testified:

"Q. You were walking off from her? Ans. I had turned my face to her and was walking backward, she was still cutting at me, she had cut at me; she had cut at me four times and didn't stop until I hit her. I hit her with a piece of iron and Major was chunking at me with rocks; he hit me once. After he had hit me, I reached down and got a piece of iron and struck her on the head. During the time she was cutting at me, Major was throwing rocks at me and hit me on the head. I was running backwards, and I struck her on the head, and she turned and ran towards the creek. I didn't know what became of Major; he ran *away in the dark*. I didn't see him any more. Kate fell on the bank of the creek, I did not pick her up, I shoved her in, I just rolled her over in the creek.

"Q. Was she breathing ,then? Ans. I don't know, I guess so, I don't know exactly, I was scared, and I don't know. I didn't have that piece of iron in my hands when we met. These are the clothes I had on then; she cut me here. (Indicating) I had on this cap."

And, continuing the cross-examination, no reversible error is shown to have been committed:

"Q. That is the place he hit you? Ans. Yes, sir; I testified before the coroner's jury. I told Mr. Chambliss several times how it happened. I have never told anybody before why the blood was on my cap.

"Q. Don't you know that, if that is blood on your cap, it is your wife's blood that came off her head when you had her on your shoulder to throw her in the creek?

"Defendant. We object to the method of examination and the indirect manner of the solicitor testifying.

"Overruled and the defendant. [Sic.]

"Q. Is not that a fact? Ans. No, sir. I married Mary Burt after this.

"Q. Don't you know that it's a fact that you killed her in order to get rid of her in order to marry Mary?

"Defendant: And we object to that on the same grounds.

"Overruled and the defendant excepts.

"Ans. No, sir; it is not a fact. * * * It is a fact that I wanted to get a divorce after I had killed Kate.

"  *     *     *     *     *     *     *

"Defendant introduced cap and exhibited it to jury to show blood stains relative to scar on head produced by licks made by rocks alleged to have been thrown by Major Wilson.

"The defendant here rests."

[8] The exceptions predicated upon the argument of counsel are not well taken. State's counsel, in the heat of his argument, having exclaimed "Crime is rampant in this state and county, and that a special term of the court had been called to put a stop to it and to convict this defendant," was improper. The court promptly said to the jury:

"Yes, gentlemen, the statement objected to by the defendant's counsel is excluded from you, and you should not be influenced in reaching your verdict by this statement."

This was sufficient to eradicate its effect upon the jury, as the statement was not of the prejudicial and ineradicable class, necessitat-

ing a reversal, notwithstanding the prompt, positive, and affirmative action of the court in its condemnation and exclusion. Anderson v. State, 209 Ala. 37, 95 So. 171; Davis v. Quattlebaum, 210 Ala. 242, 97 So. 701; Watts v. Espy, 211 Ala. 502, 101 So. 106; A. G. S. R. Co. v. Grauer, 212 Ala. 197, 102 So. 125; Metropolitan Life Ins. Co. v. Carter, 212 Ala. 212, 102 So. 130; Ala. F. & I. Co. v. Williams, 207 Ala. 99, 91 So. 879.

[9] There was no error to reverse in the statement of the solicitor in the argument:

"Sam Hall, you led your wife to Hymen's altar and made a solemn vow. You killed her, and while she was still breathing carried her on your shoulder and threw her into the creek, and I am going to ask this jury to convict you and give you the extreme penalty of the law—to be hung by your neck until you are dead."

We have set out the statement of the defendant as to what happened at the homicide and his disposition of the body—placing her in the creek immediately after he had stricken her down with the piece of iron.

[10] The provisions of rule 19, "Circuit and Inferior Courts," Code of 1923, are not inconsistent with the right exercise of the discretion of the trial court to permit counsel for the plaintiff to have a second argument, although counsel for the defendant had declined to make argument. So. B. T. & T. v. Miller, 192 Ala. 346, 68 So. 184; M. & M. R. R. Co. v. Yeates, 67 Ala. 164.

We find no arbitrary or unwarranted invasion of the defendant's rights in permitting the solicitor to argue the facts to the jury.

[11] In the recent cases of Milton v. State, 213 Ala. 449, 105 So. 209, and Puckett v. State, 213 Ala. 383, 105 So. 211, the fact was adverted to that the statutes providing for electrocution become effective when the execution of a death sentence under the law is set for a day subsequent to the last day in February, 1927. Gen. Acts. 1923, p. 759; sections 5309, 5320, Code of 1923, when the defendant was convicted in the circuit court of murder in the first degree and his punishment therefor fixed by the jury "at death," and then it was considered and adjudged by that court "that the defendant, Sam Hall, shall be hanged by the neck until he is dead, and the time of execution fixed for Friday, June 16, 1926," this was in accordance with the law of force. The defendant took and gave notice of appeal to this court, and the execution of that sentence was "suspended pending his appeal," and that appeal was not heard and determined by this court until the method of legal execution was changed by law to that by electrocution. It follows that defendant's judgment of conviction of "guilty of murder in the first degree," and that fixing "his punishment at death," pursuant to the verdict of the jury, be and is affirmed. The law having set aside the adjudged manner of the execution of his punishment at death by hanging by the neck until he is dead, and it is now provided, required, and fixed by law for the execution of such sentence and punishment that it be by electrocution, and the time or date of his execution heretofore fixed by the circuit court (for Friday, June 16, 1926) having expired pending his appeal to this court, the case is remanded to the circuit court, where the defendant will be required and brought in person, to receive in said court a proper sentence, as to the time, place, and manner of the execution upon his person of the death penalty by electrocution, as is now provided and required by law for the execution of the death penalty by electrocution, and upon a day to be fixed by the circuit court and within the statutes made and provided.

The judgment of the circuit court is affirmed, and defendant's case is remanded for the purpose of a sentence.

SAYRE, SOMERVILLE, BOULDIN, and BROWN, JJ., concur.

ANDERSON, C. J., and GARDNER, J., concur, except as to the remandment of the case for sentence, they being of opinion that, the date for the execution of the death sentence having expired, it is not only within the power of the court, but is the duty of the court to fix the date for the execution of the death sentence and to order the manner of its execution in accordance with the statute now in force. Buford v. State, 118 Ala. 657, 23 So. 1005; Howell v. State, 110 Ala. 23, 20 So. 449. See section 3260 of the Code of 1923.